**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>DUN & BRADSTREET, INC., and )<br>CONVERGYS CUSTOMER MANAGEMENT )<br>GROUP, INC. )<br>    Defendants. | 1:11-cv-215<br><br><br><br><br><br>JURY DEMANDED |

## COMPLAINT

## CLASS ACTION

1.      Plaintiff Nicholas Martin brings this action against Dun & Bradstreet, Inc. ("D&B") and Convergys Customer Management Group, Inc. ("Convergys") to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") arising out of improper and unsolicited autodialed calls to plaintiff's cellular telephone.

## JURISDICTION AND VENUE

2.      The Court has federal question jurisdiction over these TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). If *Brill* were to be abrogated or overruled, there is also CAFA jurisdiction because at least one class member is a citizen of a state different than that of a defendant, and the amount in controversy is more than $5,000,000.

3.      Venue is proper because a substantial portion of the events complained of occurred in this District.

**PARTIES**

4. Plaintiff is an individual who resides in this District. Plaintiff's cellular telephone number is 630-xxx-3271. This number is on the FTC do not call list.

5. D&B is a Delaware corporation that does business in this District. It has a local office in Naperville, Illinois. Its registered agent here is CT Corporation System, 208 S. LaSalle St, Suite 814, Chicago, IL 60604.

6. Convergys is an Ohio corporation, with its headquarters in Cincinnati, Ohio. It does business in Illinois, and its registered agent here is CT Corporation System, 208 S. LaSalle St, Suite 814, Chicago, IL 60604.

**FACTS**

7. The TCPA prohibits the use of "automatic telephone dialing systems" to call cellular telephones.

8. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011)(emphasis original).

9. Defendant Convergys used an automatic telephone dialing system to call plaintiff and the class.

10. Upon information and belief, the calls to plaintiff and the class were made on behalf of and with the authorization of defendant D&B.

# COUNT I – TCPA

11. Plaintiff incorporates all previous paragraphs of this complaint.

12. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system.

13. Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system.

14. The defendant's calls were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

## Class Allegations

15. Plaintiff brings Count I on behalf of a class, which consists of:

All persons nationwide who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where defendant obtained the phone number from some source other than directly from the called party, where any call was made between and including a date two years prior to the filing of this action, ongoing.

16. Upon information and belief, based upon industry practices, defendant called more than 100 cell phone numbers during 2011, where defendant obtained the cell phone number through some place other than from the recipient.

17. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

   a. Whether defendants used an automatic telephone dialing system as that term us defined in the TCPA and applicable FCC regulations and orders; and

   b. Damages, including whether the violation was willful.

18. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing

his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

19. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

20. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

21. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

22. The identity of the class is likely readily identifiable from defendant's records.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself and the class and against defendants that provides the following relief:

    a. Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

b.  A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message;

c.  A declaration that defendants, and each of them, used an automatic telephone dialing system, and violated the TCPA in calling plaintiff and the class; and

d.  Any other relief the Court finds just and proper.

Respectfully submitted,

Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke