**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) | |
| Plaintiff, | ) ) | 1:12-cv-215 |
| v. | ) ) | Magistrate Judge Denlow (by consent) |
| DUN & BRADSTREET, INC., and CONVERGYS CUSTOMER MANAGEMENT GROUP, INC. | ) ) ) | JURY DEMANDED |
| Defendants. | | |

**PARTIES' REPORT OF PLANNING MEETING**

**1. Description of Claims and Relief Sought.**

a. <u>The parties shall set forth a brief summary of the claims and defenses raised by the pleadings.</u>

Plaintiff brought this class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227 (the "TCPA"). The case alleges that defendant Convergys Customer Management Group, Inc. called plaintiff's cellular telephone using an automatic telephone dialing system, on behalf of defendant Dun & Bradstreet, Inc.

Defendants deny that they are liable to Plaintiff or the putative class members under the TCPA, and further deny that class certification is proper or allowable in this case.

1

b. <u>The parties shall set forth a brief statement of the relief sought, including an itemization of damages.</u>

Plaintiff alleges that he and the class have been damaged because their privacy rights have been violated. Plaintiff seeks between $500 and $1,500 per violation for himself and the class, along with declaratory and injunctive relief.

**2. Discovery Schedule.**

a. <u>Initial Disclosures</u>. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by March 16, 2012 if they have not already done so.

Plaintiffs propose that all discovery proceed at once.

Defendants propose that discovery be bifurcated to first address class certification, and then to address the merits after issues of class certification are resolved.

b. <u>Discovery Cutoff</u>.

Plaintiff proposes that all non-expert fact discovery by completed by October 31, 2012.

Defendants propose that all non-expert fact discovery concerning class certification shall be completed by October 31, 2012. This discovery will encompass facts relating to the class certification issues on which Plaintiff has the burden of proof under Rule 23 of the Federal Rules of Civil Procedure (unless any such issues are not disputed), and will also encompass any facts relating to any defenses (affirmative or otherwise) which Defendants intend to assert in an effort to oppose or defeat class certification.

    c. <u>Experts</u>.

Plaintiff proposes the below schedule as to experts on all issues.

Defendants propose that reports from retained experts under Fed. R. Civ. P. 26(a)(2) concerning class certification, if any, be due:

    From the party with the burden of proof by August 30, 2012.

    From a responding party by defendant(s) by September 30, 2012.

d. All retained expert depositions concerning class certification to be completed by October 31, 2012.

e. <u>Summary Judgment / trial</u>. Under plaintiff's plan, the case will likely be ready for summary judgment or trial by November 30, 2012.

Defendants propose that after this Court issues a decision on Plaintiff's motion for class certification (and the exhaustion of any appeals), the parties shall submit a proposed schedule for the completion of any remaining fact and expert discovery.

**3. Consideration of Issues Concerning Electronically Stored Information ("ESI").**

Experience teaches that unless conducted with careful planning and a spirit of cooperation, discovery of ESI can result in an unnecessarily high level of conflict, expense and delay in resolving cases on the merits. That is why the Court has endorsed *The Sedona Conference® Cooperation Proclamation* dated July 2008.

To further advance the goal of having parties conduct discovery of ESI in a cooperative and cost-effective manner, this Court has adopted the *Standing Order Relating to the Discovery of Electronically Stored Information*. During their meet and confer, the parties shall address the ESI issues discussed in the Standing Order, including but not limited

3

to those set forth in Section 2.01(a)(1)-(5). In the joint status report, the parties shall set forth:

    a. <u>Whether they anticipate discovery of ESI in the case</u>.

        Because of the nature of autodialing equipment and database practices, Plaintiff and Defendants anticipate that ESI will be at issue in this case.

        Defendants anticipate that the bulk of the ESI in their custody will relate to members of the proposed class, as opposed to the Plaintiff, individually.

    b. <u>What agreements they have reached regarding discovery of ESI</u>.

        Due to the nature of the ESI maintained by Defendants in their databases and other electronic repositories, as well as the nature of the information that Plaintiff believes he will need to support his case, the parties have agreed, in principal, to non-native production of ESI. For example, if Defendants can produce information from a database in the form of an Excel spreadsheet which accurately preserves and presents the pertinent information, production in a database or spreadsheet compatible formatwill be allowable.

        For ESI consisting of email and other business documents, Defendants will produce such ESI to Plaintiff in an agreed-upon form which preserves (to the extent possible, and taking into account any issues of privilege) the electronic readability of the ESI in its native format. Plaintiff shall do the same for any ESI that he produces.

        For any ESI issues which may arise, the parties anticipate that they can address those issues in the course of discovery.

c. <u>What areas of disagreement they have with regard to discovery of ESI</u>.

At the present time, none.

**4. Settlement**.

a. Counsel are to discuss settlement and report on the status of settlement discussions.

b. Counsel are to discuss what discovery, if any, is necessary to engage in meaningful settlement discussions, and to give priority to that discovery.

Plaintiff requests that defendants provide the number of class members in order for him to make a meaningful settlement demand.

c. The plaintiff(s) will submit an itemization of damages and written settlement proposal to defendant(s) by (date), with a copy to Judge Denlow's chambers, if not previously submitted.

d. The defendant(s) will make a written response or counter-proposal to plaintiff(s) by (date) , with a copy to Judge Denlow's chambers, if not previously submitted.

**6. Pending Motions.**

The parties shall indicate the status of any pending motions.

Plaintiff's motion for class certification, which was filed along with the complaint in order to prevent the class members' claims from being mooted, is pending. Upon completion of discovery (as discussed above), Plaintiff expects to renew/supplement that motion, at which time the parties and the Court will set an appropriate briefing schedule.

**7. Trial.**

Plaintiff anticipates that this case, or portions of it, may be resolved through summary judgment. The parties anticipate that any trial would take, at most, four days.

Respectfully submitted,


/s/Alexander H. Burke
Counsel for Plaintiff

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com



/s/Albert E. Hartmann (with consent)         /s/Bart T. Murphy (with consent)
Counsel for Defendant                         Counsel for Defendant
Convergys Customer Management Group, Inc.     Dun & Bradstreet, Inc.

DLA Piper LLP (US)                            Ice Miller LLP
203 North LaSalle Street, Suite 1900          2300 Cabot Dr., Ste. 455
Chicago, Illinois 60601-1293                  Lisle, IL 60532
312.368.2142 T                                630-955-6392
312.630.7317 F
albert.hartmann@dlapiper.com
www.dlapiper.com