**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) | 1:12-cv-215 |
|     Plaintiff, | ) | |
| | ) | Magistrate Judge Denlow |
|       v. | ) | (by consent) |
| | ) | |
| DUN & BRADSTREET, INC., and | ) | JURY DEMANDED |
| CONVERGYS CUSTOMER MANAGEMENT | ) | |
| GROUP, INC. | ) | |
|     Defendants. | | |

<u>**PLAINTIFF'S MOTION TO COMPEL**</u>

Plaintiff Nicholas Martin requests that the Court issue an order compelling defendant

Dun & Bradstreet to provide full responses to his discovery requests by date-certain. In support

of this motion, plaintiff states:

1.      This is a Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. case.

Defendants Dun & Bradstreet and Convergys called plaintiff and others' cellular telephones

using an automatic telephone dialing system. 47 U.S.C. §227(b)(1)(A)(iii).

2.      Defendant Convergys, which made scores of calls on behalf of Dun & Bradstreet,

has admitted that the telephone system it used falls within definition in the TCPA. The only real

question in this case is whether defendants had "prior express consent" to make the calls. Prior

express consent is evidenced through demonstrating by clear and convincing evidence that the

recipient of the call provided his phone number to the caller, with respect to the subject matter

of the call. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of*

*1991*, GC 02-278, 23 FCC Rcd. 559, 565  available at 2008 WL 65485 ¶¶12-14 (Jan 4. 2008).

3.      Plaintiff issued the discovery requests attached as Exhibit A on February 29, 2012. Dun & Bradstreet responded on April 2, 2012. Exhibit B.

4.      Thereafter, the parties engaged in Rule 37 talks, agreed that Dun & Bradstreet would provide full responses to plaintiff's class/consent based discovery by June 19, 2012, and revised and supplemented responses to the remainder of the discovery by June 26, 2012. Exhibit C. The parties reported these dates to the Court at the status hearing on May 15, 2012.

5.      On June 19, 2012, counsel for Dun & Bradstreet, Isaac Culunga called plaintiff's counsel and informed him that defendant had not finished its review of discovery materials, and could not commit to any date for production.

6.      While plaintiff recognizes and appreciates that Dun & Bradstreet may be working hard to figure out how to prove its consent defense, there has got to be *some* date by which the production will be complete. Similarly, Dun & Bradstreet has not produced any documents at all in response to plaintiff's other requests. Although it committed to doing so by June 26, 2012, it is apparent that this date is no longer feasible.

7.      Plaintiff requests that the Court set some reasonable date-certain by which Dun & Bradstreet must produce full documents and interrogatory responses.

WHEREFORE, plaintiff Nicholas Martin requests that the Court issue an order compelling defendant Dun & Bradstreet to provide full responses to his discovery requests by date-certain.


Respectfully submitted,


/s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**

2

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NICHOLAS MARTIN on behalf of himself and )
others similarly situated, ) 1:12-cv-215
    Plaintiff, )
     ) Judge Der-Yeghiayan
    v. ) Magistrate Judge Denlow
     )
DUN & BRADSTREET, INC., and )
CONVERGYS CUSTOMER MANAGEMENT ) JURY DEMANDED
GROUP, INC. )
    Defendants.

**PLAINTIFF'S FIRST DISCOVERY REQUESTS**

Plaintiff Nicholas Martin requests that each defendant respond to the following

requests for admissions, interrogatories, and document requests. Documents should be copied

and sent to plaintiff's counsel on the date the response is due.

Throughout this request:

1.    Unless otherwise specified in a particular paragraph, the time period covered by

this request is January 1, 2006 to present.

2.    If you are declining to produce any document or respond to any paragraph in

whole or in part because of a claim of privilege, please: (a) identify the subject matter, type

(e.g., letter, memorandum), date, and author of the privileged communication or information,

all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to

whom the contents of each such communication or item of information have heretofore been

disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon

which the privilege is claimed.

1

3.     If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

4.     All requests are also directed to all parent, related, affiliate and subsidiary companies of defendant, to the greatest extent permissible under the discovery rules.

5.     Unless the parties agree otherwise, all requested materials should be produced in native format with all metadata intact, together with a bates-stamped copy produced in a first-generation format that preserves the color, legibility, manupulatability (e.g. hyperlinks intact) and preserves renderable text to help keep track of materials that have, or have not, been produced. To the extent that defendant finds this to be unduly burdensome for any particular document or set of documents, plaintiff asks that defendant explain in what format it maintains such materials in its written response, and timely meet and confer with plaintiff's counsel regarding these issues before the responses are due. Data for class members should be produced in sql format; plaintiff's counsel requests that defense counsel meet and confer with plaintiff before the responses are due with regard to formatting in order to make such process as efficient as possible.

6.     "Predictive Dialer" as used herein means a telephone system that dials telephone numbers without human intervention.

7.     For any request, if you contend that providing a complete response to any request is impracticable or impossible, please provide the most complete response as possible, explain what components or responsive information or documents is missing, and why you contend production of those materials is impossible or impracticable.

2

Other instructions and definitions to be used in making your response are attached hereto as Exhibit A.

If you contend that any paragraph of this request is ambiguous or unduly burdensome, please contact the undersigned immediately upon recognition of this contention, and an effort will be made to remedy the problem.

### REQUESTS FOR ADMISSION

1. Convergys called 630-███-3271 at least once in 2012.

2. Convergys called 630-███-3271 at least once in 2011.

3. Convergys called 630-███-3271 at least once in 2010.

4. Convergys used a predictive dialer to call more than 10,000 telephone numbers on behalf of defendant Dun & Bradstreet in 2011.

5. Dun & Bradstreet authorized a January 2012 call made by Convergys to 630-███-3271.

6. Plaintiff did not provide 630-███-3271 to Convergys.

7. Plaintiff did not provide 630-███-3271 to Dun & Bradstreet.

8. Convergys used telephone equipment that had the capacity to dial numbers without human intervention to call 630-███-3271 in January 2012.

9. You used telephone equipment that had the capacity to dial numbers without human intervention to call 630-███-3271 in 2012.

10. Admit that no human being pressed the digits 630-███-3271 for any call to plaintiff from any defendant in 2012.

11. Admit that telephone equipment and software dialed 630-███-3271 when you called plaintiff in 2012.

3

12.     You were aware by January 2011 of the decision *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Request of ACA International for Clarification and Declaratory Ruling*, CG-278, 23 FCC Rcd. 559 (Jan. 4, 2008).

13.     There are more than 1,000 phone numbers in the following set:

> All persons nationwide who defendant Dun & Bradstreet, Inc. or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where the phone number called was obtained from some source other than directly from the called party, where any call was made between and including a date two years prior to the filing of this action, ongoing.

14.     There are more than 1,000 phone numbers in the following set:

> All persons nationwide who Convergys Customer Management Group, Inc. or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where the phone number called was obtained from some source other than directly from the called party, where any call was made between and including a date two years prior to the filing of this action, ongoing.

## INTERROGATORIES

1.      Identify all automated calls (including attempted calls) for each of the persons in the class described below, including plaintiff. A complete answer will include at least the following:

> a.  Identifying information for the person you were trying to reach (e.g. name, business name, address, email, fax number, all phone numbers),
>
> b.  Information for the calls themselves, including the phone number called, the date and time of the call and the result of the call (e.g. no answer, message left, spoke with John Doe and updated business data, etc.), and whom you spoke with, if anyone, and the substance of the conversation;

c.  Information regarding the dialer and equipment used, including identification of

the equipment and software used to make the call (e.g. Guaranteed Contacts,

Aspect, Avaya), the location for call origination/dialer; and

d.  Identify the source(s) where you obtained the telephone number called and the

facts and circumstances surrounding such.

All persons nationwide who you or some person on your behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where defendant obtained the phone number from some source other than directly from the called party, where any call was made between and including a date two years prior to the filing of this action, ongoing.

2.  For each person and call responsive to the previous interrogatory you contend

you had prior express consent to call, identify all documents, data, materials, testimony and

other things that support such contention, and explain how application of law to those facts

suggests that prior express consent was present.

3.  Identify all documents, data materials testimony or other things that you have

possession, custody or control over, AND those that are not in your possession, custody or

control but which you are aware of, that support or refute *any* affirmative defense you claim

applies to any person responsive to interrogatory 2.

4.  Identify all of your dialers. Include the make, model, physical location, how they

are used, and whether they were used to call plaintiff or any other person responsive to

interrogatory 2.

5.  If you contend that an "automatic telephone dialing system" was not used to call

any class member (including plaintiff), identify all documents, data, testimony and other things

that support or refute this contention (whether in your possession, custody or control or not),

and explain application of law to fact as to how they might support the contention.

5

6.      Identify all categories and sources of Electronically Stored Information, including backups and other difficult to obtain categories, relating to plaintiffs and the class members.

Include all relevant information, including at least: a description of the substance of the data, physical location, format, accessibility, person who is responsible for such data (or who has personal knowledge regarding the data) and bates number, if any. If the data has not been produced, explain why.

7.      With respect to each expert, retained or nonretained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1.      All documents, records, data, recordings and other materials relating to plaintiff or 630-███-3271, or which are indexed, filed or retrievable under any of them, or any number, symbol, designation or code (such as an account number or Social Security number) associated with any of them.

2.      All documents that concern or relate to any person or phone number responsive to interrogatory 2.

(Plaintiff agrees to delay production of these materials for all responsive persons other than those for whom defendant claims it had prior express consent to call, or for which they claim some other defense applies).

3.      All documents referenced or referred to in your response to any interrogatory.

4.      All documents that describe your dialers (e.g. manuals, training materials, emails, instructional videos, intranet how-to) or relate to whether they have the capacity to dial numbers without human intervention.

5.      All documents that support or refute any affirmative defense in this case or relating to prior express consent to receive calls made with an automatic telephone dialing system or prerecorded or artificial voice, for each class member including plaintiffs.

6.      All documents, data or other materials you reviewed or referenced in responding to any discovery request in this case.

7.      A copy of any sworn testimony relating to your dialers, or policies, practices or procedures relating to the use of dialers. A full response would include, for example, deposition testimony, declarations and affidavits.

8.      All agreements between the parties that concern the use of a dialer.

9.      All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence discussing, accepting or declining coverage or reserving rights with respect thereto.

10.     All documents received from third parties that relate to this case, without regard to time.  Responsive materials would include, for example, responses to subpoenas.


                                                          /s/Alexander H. Burke

7

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**Exhibit A**

**INSTRUCTIONS AND DEFINITIONS**

**Definitions**

A. The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or transcriptions of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B. References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C. "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D. "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E. "Identify" or "identification," when used with respect to a document, means to state the general nature' of the document (i.e., letter, memorandum, etc.); the location of the document; the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document and all revisions.

F. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G. "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; the location of the data/hard copy of the communication and the subject matter discussed.

H. "Relates" includes constitutes, describes, discusses, ref1ects, refers to, and logically pertains to.

I. "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq, implementing regulations 47 C.F.R. 64.1200, and all valid FCC opinions interpreting such.

**Instructions**

1. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8. If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

**CERTIFICATE OF SERVICE**

I, Alexander H. Burke, certify that on February 7, 2012, I served this document via United States mail to defendants at the addresses below, and via email to the email addresses below:

/s/Alexander H. Burke

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | No. 12  C 215 |
| Plaintiffs, | ) | |
| v. | ) | Magistrate Judge Morton Denlow |
| | ) | |
| DUN & BRADSTREET, INC., and CONVERGYS CUSTOMER MANAGEMENT GROUP, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DUN & BRADSTREET, INC.'S FIRST RESPONSES TO DISCOVERY REQUESTS

Defendant, Dun & Bradsteet, Inc. ("D&B"), by its attorneys Ice Miller LLP, hereby responds to Plaintiff Nicholas Martin's ("Plaintiff") First Discovery Requests as follows:

## PRELIMINARY STATEMENT

D&B has not completed its investigation, discovery or its preparation for trial. Accordingly, all responses below are based only upon such information and documents that are presently available and specifically known to D&B.  All responses are provided without prejudice to D&B's rights to: (a) produce documents, evidence of any subsequently discovered fact or facts, or analyses not yet obtained or completed; (b) otherwise assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed; and (c) amend or withdraw any responses accordingly

## GENERAL OBJECTIONS

1.     D&B objects to each of the Plaintiff's requests to the extent they call for answers or documents protected by the attorney-client privilege, work product doctrine, or any other

privilege.  Disclosure of any information protected from disclosure by any such privilege shall be deemed inadvertent and shall not constitute a waiver of such privilege.

2.      D&B objects to Plaintiff's requests to the extent they impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure.

3.      D&B objects to Plaintiff's requests to the extent they are overbroad and unduly burdensome insofar as they seek information not relevant to the subject matter in this litigation and not related to the claims or defenses alleged herein.

4.      D&B objects to the following requests on the grounds that they are not sufficiently limited in scope or in time period.

5.      D&B objects to the following requests to the extent that they seek confidential or trade secret information.

6.      The foregoing general objections are incorporated in each of the responses set forth below, as if fully set forth therein.

## RESPONSES TO REQUESTS FOR ADMISSION

1.      Convergys called 630-███ 3271 at least once in 2012.

**RESPONSE:** D&B has no knowledge or information sufficient to admit or deny Request No. 1 because Request No. 1 seeks information in the possession of another party to this suit and not D&B.

2.      Convergys called 630-███ 3271 at least once in 2011.

**RESPONSE:** D&B has no knowledge or information sufficient to admit or deny Request No. 2 because Request No. 2 seeks information in the possession of another party to this suit and not D&B.

2

3.      Convergys called 630-███ 3271 at least once in 2010.

**RESPONSE:** D&B has no knowledge or information sufficient to admit or deny Request No. 3 because Request No. 3 seeks information in the possession of another party to this suit and not D&B.

4.      Convergys used a predictive dialer to call more than 10,000 telephone numbers on behalf of defendant Dun & Bradstreet in 2011.

**RESPONSE:** D&B has no knowledge or information sufficient to admit or deny Request No. 4 because Request No. 4 seeks information in the possession of another party to this suit and not D&B.

5.      Dun & Bradstreet authorized a January 2012 call made by Convergys to 630-███ 3271.

**RESPONSE:** D&B has no knowledge or information sufficient to admit or deny Request No. 5 because Request No. 5 seeks information in the possession of another party to this suit and not D&B.

6.      Plaintiff did not provide 630-███ 3271 to Convergys.

**RESPONSE:** D&B has no knowledge or information sufficient to admit or deny Request No. 6 because Request No. 6 seeks information in the possession of another party to this suit and not D&B.

7.      Plaintiff did not provide 630-███ 3271 to Dun & Bradstreet.

**RESPONSE:** D&B has no knowledge or information sufficient to admit or deny Request No. 7.  D&B is making a reasonable inquiry into the matter asserted in Request No. 7 and the information it knows or can readily obtain is insufficient to enable it to admit or deny the matter asserted in Request No. 7 at this time.

3

8.     Convergys used telephone equipment that had the capacity to dial numbers without human intervention to call 630-███ 3271 in January 2012.

**RESPONSE:** D&B has no knowledge or information sufficient to admit or deny Request No. 8 because Request No. 8 seeks information in the possession of another party to this suit and not D&B.

9.     You used telephone equipment that had the capacity to dial numbers without human intervention to call 630-███ 3271 in 2012.

**RESPONSE:** D&B objects to Request No. 9 on the grounds that it is overly-broad, vague and ambiguous.  In further response, without waiving the specific and general objections set forth above, D&B denies Request No. 9.

10.    Admit that no human being pressed the digits 630-███ 3271 for any call to plaintiff from any defendant in 2012.

**RESPONSE:** D&B objects to Request No. 10 on the grounds that it is overly-broad, vague and ambiguous.  D&B has no knowledge or information sufficient to admit or deny Request No. 10 because Request No. 10 seeks information in the possession of other third-parties and not D&B.

11.    Admit that telephone equipment and software dialed 630-███ 3271 when you called plaintiff in 2012.

**RESPONSE:** D&B objects to Request No. 11 on the grounds that it is overly-broad, vague and ambiguous.  In further response, without waiving the specific and general objections set forth above, D&B denies Request No. 11.

12.    You were aware by January 2011 of the decision *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Request of ACA International for Clarification and Declaratory Ruling,* CG-278, 23 FCC Rcd. 559 (Jan. 4, 2008).

**RESPONSE:** D&B denies Request No. 12.

4

13. You did not have a policy of scrubbing phone numbers you called using a predictive dialer at any time during 2010.

**RESPONSE:** D&B objects to Request No. 13 on the grounds that it is overly-broad, vague and ambiguous. D&B further objects on the grounds that D&B has no knowledge or information sufficient to admit or deny Request No. 13 because Request No. 13 seeks information in the possession of another party to this suit and not D&B. In further response, without waiving the specific and general objections set forth above, D&B denies Request No. 13.

14. You did not have a policy of scrubbing phone numbers you called using a predictive dialer at any time during 2011.

**RESPONSE:** D&B objects to Request No. 14 on the grounds that it is overly-broad, vague and ambiguous. D&B further objects on the grounds that D&B has no knowledge or information sufficient to admit or deny Request No. 14 because Request No. 14 seeks information in the possession of another party to this suit and not D&B. In further response, without waiving the specific and general objections set forth above, D&B denies Request No. 14.

15. You did not have a policy of scrubbing phone numbers you called using a predictive dialer at any time during January 2012.

**RESPONSE:** D&B objects to Request No. 15 on the grounds that it is overly-broad, vague and ambiguous. D&B further objects on the grounds that D&B has no knowledge or information sufficient to admit or deny Request No. 15 because Request No. 15 seeks information in the possession of another party to this suit and not D&B. In further response, without waiving the specific and general objections set forth above, D&B denies Request No. 15.

16. There are more than 1,000 phone numbers in the following set:

All persons nationwide who defendant Dun & Bradstreet, Inc. or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where the phone number called was

5

obtained from some source other than directly from the called party, where any call was made between and including a date two years prior to the filing of this action, ongoing.

**RESPONSE:** D&B objects to Request No. 16 on the grounds that it is overly-broad, vague and ambiguous. D&B further objects on the grounds that D&B has no knowledge or information sufficient to admit or deny Request No. 16 because Request No. 16 seeks information in the possession of another party to this suit and not D&B. In further response, without waiving the specific and general objections set forth above, D&B denies Request No. 16.

17. There are more than 1,000 phone numbers in the following set:

All persons nationwide who Convergys Customer Management Group, Inc. or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where the phone number called was obtained from some source other than directly from the called party, where any call was made between and including a date two years prior to the filing of this action, ongoing.

**RESPONSE:** D&B objects to Request No. 17 on the grounds that it is overly-broad, vague and ambiguous. D&B further objects on the grounds that D&B has no knowledge or information sufficient to admit or deny Request No. 17 because Request No. 17 seeks information in the possession of another party to this suit and not D&B. In further response, without waiving the specific and general objections set forth above, D&B denies Request No. 17.

## ANSWERS TO INTERROGATORIES

1. Identify all automated calls (including attempted calls) for each of the phone numbers in the class described below, including plaintiff. A complete answer will include at least the following:

a. Identifying information for the person you were trying to reach (e.g. name, business name, address, email, fax number, all phone numbers),

6

b.  Information for the calls themselves, including the phone number called, the date and time of the call and the result of the call (e.g. no answer, message left, spoke with John Doe and updated business data, etc.), and whom you spoke with, if anyone, and the substance of the conversation;

c.  Information regarding the dialer and equipment used, including identification of the equipment and software used to make the call (e.g. Guaranteed Contacts, Aspect, Avaya), the location for call origination/dialer; and

d.  Identify the source(s) where you obtained the telephone number called and the facts and circumstances surrounding such.

"All cell phone numbers nationwide who you or some person on your behalf called on using a device that has the capacity to dial numbers without human intervention, where defendant obtained the phone number from some source other than directly from the called party, where any call was made between and including a date two years prior to the filing of this action, ongoing."

We anticipate, based upon experience and defendants' answers denying almost everything alleged, that defendants will take the position that they cannot answer this interrogatory, or that the answer is "nobody" because they did not use equipment that has the capacity to dial without human intervention. If this is the case, please answer this interrogatory without regard to that criteria (i.e. provide information for all calls), or contact the undersigned to discuss.

Similarly, if you contend that you do not know what phone numbers you called were cellular telephone numbers, please produce all phone numbers and plaintiff's counsel will perform a scrub through Neustar or similar to determine this.

We request that a signature-verified spreadsheet or access database be created in response to this interrogatory, organized with a separate row corresponding to each call, chronologically. The remainder of the row will include the rest of the requested information, one column for each piece of requested information. Columns should be labeled at the top, and be consistent for each row/call.

**ANSWER:**  D&B objects to the narrative response required under this Interrogatory, and further objects on the grounds the Interrogatory is vague, ambiguous and unduly burdensome.  Without waiving the specific and general objections set forth above, D&B states that it is in the process of compiling documents and creating a spreadsheet that may contain information responsive to this Interrogatory.

7

2.    For each person and call responsive to the previous interrogatory you contend you had prior express consent to call, identify all documents, data, materials, testimony and other things that support such contention, and explain how application of law to those facts suggests that prior express consent was present.

**ANSWER:**    D&B objects to the narrative response required under this Interrogatory, and further objects on the grounds the Interrogatory is vague, ambiguous and unduly burdensome.  Without waiving the specific and general objections set forth above, D&B states that it is in the process of investigating prior express consent and compiling documents that may contain information responsive to this Interrogatory.

3.    Identify all documents, data materials testimony or other things that you have possession, custody or control over, AND those that are not in your possession, custody or control but which you are aware of, that support or refute *any* defense you claim applies to any person responsive to interrogatory 1.

**ANSWER:**    D&B objects to this Interrogatory on the grounds the Interrogatory is vague, ambiguous and unduly burdensome.  Without waiving the specific and general objections set forth above, D&B states that it is in the process of compiling documents that may contain information responsive to this Interrogatory.

4.    Identify all of your dialers. Include the make, model, physical location, how they are used, and whether they were used to call plaintiff or any other person responsive to interrogatory 1.

**ANSWER:**    D&B objects to this Interrogatory on the grounds the Interrogatory is vague and ambiguous.  Without waiving the specific and general objections set forth above, D&B states that it does not possess any "dialers" and therefore has no information responsive to this Interrogatory.

5.    If you contend that an "automatic telephone dialing system" was not used to call any class member (including plaintiff), identify all documents, data, testimony and other things that support or refute this contention (whether in your possession, custody or control or not), and explain application of law to fact as to how they might support the contention.

8

**ANSWER:** D&B objects to the narrative response required under this Interrogatory, and further objects on the grounds the Interrogatory is vague, ambiguous and unduly burdensome. Without waiving the specific and general objections set forth above, D&B states that it is in the process of investigating whether an "automatic telephone dialing system" was used to call any class member (including plaintiff), and compiling documents that may contain information responsive to this Interrogatory.

6. Identify all categories and sources of Electronically Stored Information, including backups and other difficult to obtain categories, relating to plaintiffs and the class members.

Include all relevant information, including at least: a description of the substance of the data, physical location, format, accessibility, person who is responsible for such data (or who has personal knowledge regarding the data) and bates number, if any. If the data has not been produced, explain why.

**ANSWER:** D&B objects to this Interrogatory on the grounds the Interrogatory is vague, ambiguous and unduly burdensome. Without waiving the specific and general objections set forth above, D&B states that it is in the process of compiling documents that may contain information responsive to this Interrogatory. In further response, D&B directs Plaintiff to D&B's Rule 26(a)(1) initial disclosures, which lists the person with knowledge regarding D&B's relevant electronic data.

7. Identify every claim you are aware of that you used an automatic telephone dialing system as defined in the TCPA, implementing regulations and orders. Include, for example, formal and informal claims including demand letters, threatening emails and letters, regulatory complaints with the FCC or FTC, and lawsuits, including particularly class actions. Include citation to bates numbers. (See document request 9).

**ANSWER:** D&B objects to this Interrogatory on the grounds the Interrogatory is vague, ambiguous and unduly burdensome. Without waiving the specific and general objections set forth above, D&B states that it did not "use[] an automatic telephone dialing system as

9

defined in the TCPA, implementing regulations and orders" and is therefore not the subject of any claims or lawsuits that allege its use of "an automatic telephone dialing system.

8.      With respect to each expert, retained or nonretained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

**ANSWER:**   D&B objects to the narrative response required under this Interrogatory, and further objects on the grounds the Interrogatory is vague, ambiguous and unduly burdensome.  D&B further responds that to the extent it knows of any expert that it may call to give evidence or testimony D&B will disclose such expert in due course pursuant to Rule 26(a)(2).

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All documents, records, data, recordings and other materials relating to plaintiff or 630-███3271, or which are indexed, filed or retrievable under any of them, or any number, symbol, designation or code (such as an account number or Social Security number) associated with any of them.

**RESPONSE:**   D&B objects to Request No. 1 on the grounds it is vague, ambiguous and unduly burdensome.  Without waiving the specific and general objections set forth above, D&B states that it is in the process of compiling documents that may contain information responsive to Request No. 1 and will produce such documents at a time and place mutually agreeable to the parties.

2.      All documents that concern or relate to any person or phone number responsive to interrogatory 1.

Plaintiff agrees to delay production of these materials for all responsive persons other than those for whom defendant claims it had prior express consent to call and for which

10

they claim some other defense applies. For any person or phone number either defendant claims consent, a full response to this interrogatory must be provided, and bates numbers referenced in response to interrogatories 2 and 3.

**RESPONSE:** D&B objects to Request No. 2 on the grounds it is vague, ambiguous and unduly burdensome. Without waiving the specific and general objections set forth above, D&B states that it is in the process of compiling documents that may contain information responsive to Request No. 2 and will produce such documents at a time and place mutually agreeable to the parties.

3.      All documents referenced or referred to in your response to any interrogatory, including but not limited to interrogatory 1.

Plaintiff agrees to delay production of these materials for all responsive persons other than those for whom defendant claims it had prior express consent to call and for which they claim some other defense applies. For any person or phone number either defendant claims consent, a full response to this interrogatory must be provided, and bates numbers referenced in response to interrogatories 2 and 3.

**RESPONSE:** D&B objects to Request No. 3 on the grounds it is vague, ambiguous and unduly burdensome. Without waiving the specific and general objections set forth above, D&B states that it is in the process of compiling documents that may contain information responsive to Request No. 3 and will produce such documents at a time and place mutually agreeable to the parties.

4.      All documents that describe your dialers (e.g. manuals, training materials, emails, instructional videos, intranet how-to) or relate to whether they have the capacity to dial numbers without human intervention.

**RESPONSE:** D&B does not possess document responsive to this Request.

5.      All documents that support or refute any affirmative defense in this case or relating to prior express consent to receive calls made with an automatic telephone dialing system or prerecorded or artificial voice, for each class member including plaintiffs.

11

**RESPONSE:** D&B objects to Request No. 5 on the grounds it is vague, ambiguous and unduly burdensome. Without waiving the specific and general objections set forth above, D&B states that it is in the process of compiling documents that may contain information responsive to Request No. 5 and will produce such documents at a time and place mutually agreeable to the parties.

6.      All documents, data or other materials you reviewed or referenced in responding to any discovery request in this case.

**RESPONSE:** Without waiving the general objections set forth above, D&B states that it is in the process of compiling documents that may contain information responsive to Request No. 6 and will produce such documents at a time and place mutually agreeable to the parties.

7.      A copy of any sworn testimony relating to your dialers, or policies, practices or procedures relating to the use of dialers. A full response would include, for example, deposition testimony, declarations and affidavits.

**RESPONSE:** D&B does not possess documents responsive to this Request.

8.      All agreements between the parties that concern the use of a dialer.

**RESPONSE:** D&B objects to Request No. 8 on the grounds it is vague, ambiguous and unduly burdensome. Without waiving the specific and general objections set forth above, D&B states that it is in the process of compiling documents that may contain information responsive to Request No. 8 and will produce such documents at a time and place mutually agreeable to the parties.

9.      All documents concerning every claim you are aware of that you used an automatic telephone dialing system as defined in the TCPA, implementing regulations and orders. Include, for example, formal and informal claims including demand letters, threatening emails and letters, regulatory complaints with the FCC or FTC, and lawsuits, including particularly class actions.

**RESPONSE:** D&B does not possess documents responsive to this request.

10.     All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence discussing, accepting or declining coverage or reserving rights with respect thereto.

**RESPONSE:** Without waiving the general objections set forth above, D&B states that it

is in the process of compiling documents that may contain information responsive to Request

No. 10 and will produce such documents at a time and place mutually agreeable to the parties.

11.     All documents received from third parties that relate to this case, without regard to time. Responsive materials would include, for example, responses to subpoenas.

**RESPONSE:** D&B does not possess documents responsive to this request.

Respectfully submitted,

DUN & BRADSTREET, INC.

By:     /s/ Isaac J. Colunga
          One of its Attorneys

Bart T. Murphy
Thomas Hayes
Isaac J. Colunga
**ICE MILLER LLP**
2300 Cabot Dr., Suite 455
Lisle, Illinois  60532
630-955-6124

13

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on April 2, 2012, he caused the foregoing Defendant, Dun & Bradstreet, Inc.'s Responses to Plaintiff's First Discovery Requests to be served on all counsel of record by E-mail and U.S. Mail:

Alexander H. Burke                              aburke@burkelawllc.com
Burke Law Offices, LLC
155 N. Michigan Avenue, Suite 9020
Chicago, IL  60601


_____

Isaac J. Colunga

14

# Exhibit C

**Alex Burke**

| | |
|---|---|
| **From:** | Colunga, Isaac <Isaac.Colunga@icemiller.com> |
| **Sent:** | Thursday, May 10, 2012 10:22 PM |
| **To:** | 'Alex Burke' |
| **Subject:** | RE: Martin/D&B - Responses to Discovery |

Alex, this is fine, thanks.  Note that I also explained that I'm also reviewing the docs with an eye toward determining D&B's defenses.  Also note that in the event D&B needs more time, we discussed that I would contact you.  June 19, 2012 works for consent related discovery.  I'll get back to you about the remaining discovery.

Thanks,

Isaac

---

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Thursday, May 10, 2012 2:45 PM
**To:** Colunga, Isaac
**Subject:** RE: Martin/D&B - Responses to Discovery

Isaac,

Thanks for speaking with me this afternoon about discovery in this case. You indicated that D&B had sent you a large amount of data, including call lists, and that you are going through the stuff, with an eye toward responding to my interrogatories asking about calls and consent. I told you that sounds good, and said that we're also interested in the data itself, pursuant to our document requests.

We agreed that D&B would provide responses to the consent related discovery requests by June 19, 2012. We did not figure out a date for the rest of the responses, but I propose either June 19, or a week later, June 26, 2012.

Please let me know if I got this right, and if June 26 makes sense for the remainder of the responses.

Alex

## BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

---

**From:** Colunga, Isaac [mailto:Isaac.Colunga@icemiller.com]
**Sent:** Tuesday, May 08, 2012 3:49 PM
**To:** 'Alex Burke'
**Cc:** Murphy, Bart
**Subject:** RE: Martin/D&B - Responses to Discovery

Let's talk on Thursday. I'll know more by then. - Isaac

---

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Tuesday, May 08, 2012 3:48 PM
**To:** Colunga, Isaac
**Cc:** Murphy, Bart
**Subject:** RE: Martin/D&B - Responses to Discovery

Sounds good. What is the nature of the large electronic production?

## BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

---

**From:** Colunga, Isaac [mailto:Isaac.Colunga@icemiller.com]
**Sent:** Tuesday, May 08, 2012 3:46 PM
**To:** 'Alex Burke'
**Cc:** Murphy, Bart
**Subject:** RE: Martin/D&B - Responses to Discovery

Alex,

We received a very large production of electronic documents from our client, which I am in the process of reviewing and organizing. We understand Convergys' position, and we understand what we need to produce. Thursday at 2:30 is fine for a call. I'll be in the DuPage office.

Isaac

Isaac J. Colunga
**ICE MILLER LLP**
DuPage: (630) 955-6124
Chicago: (312) 726-1567
isaac.colunga@icemiller.com

---

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Tuesday, May 08, 2012 3:22 PM
**To:** Colunga, Isaac
**Cc:** Murphy, Bart
**Subject:** RE: Martin/D&B - Responses to Discovery

Isaac,

My notes indicate that you agreed to provide me with additional discovery information and data by yesterday, Monday, May 7, by email. This did not happen.

2

What is the status of this? I understand Convergys' position is that it may have called a bunch of phone numbers, but that it does not know for whom there was consent and for whom there was not.

Convergys says that Dun and Bradstreet should be in possession of that information, the production of which is what you and I discussed a month ago.

What have you come up with? I'd like to schedule a telephone call to discuss for later this week, and propose Thursday, May 10 at 2:30pm. Are you available?

Alex

## BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

---

**From:** Colunga, Isaac [mailto:Isaac.Colunga@icemiller.com]
**Sent:** Monday, April 02, 2012 10:09 PM
**To:** 'ABurke@BurkeLawLLC.com'
**Cc:** Murphy, Bart; 'Hartmann, Albert E.'
**Subject:** Martin/D&B - Responses to Discovery

Alex,

Attached are D&B's Responses to Plaintiff's First Set of Discovery Requests. Let us know if you have any questions or concerns.

Thanks,

Isaac

Isaac J. Colunga
**Ice Miller LLP**
Chicago: (312) 726-1567
DuPage: (630) 955-6124

**********************************************************************
**********************************************************************
***********
CIRCULAR 230 DISCLOSURE: Except to the extent that this advice concerns the qualification of any qualified plan, to ensure compliance with U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-

related matters addressed herein.

CONFIDENTIALITY NOTICE: This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system.
Thank you.
ICE MILLER LLP
*********************************************************************************
*********************************************************************************
***********
*********************************************************************************
********************************************************************************
CIRCULAR 230 DISCLOSURE: Except to the extent that this advice concerns the qualification of any qualified plan, to ensure compliance with U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

CONFIDENTIALITY NOTICE: This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system.
Thank you.
ICE MILLER LLP
*********************************************************************************
********************************************************************************
*********************************************************************************
********************************************************************************
CIRCULAR 230 DISCLOSURE: Except to the extent that this advice concerns the qualification of any qualified plan, to ensure compliance with U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

CONFIDENTIALITY NOTICE: This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system.
Thank you.
ICE MILLER LLP
*********************************************************************************
********************************************************************************
*********************************************************************************
*****************************************************************
4

CIRCULAR 230 DISCLOSURE: Except to the extent that this advice concerns the qualification of any qualified plan, to ensure compliance with U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.


CONFIDENTIALITY NOTICE: This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system.
Thank you.
ICE MILLER LLP
*********************************************************************************************
***************************************************************