IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, <br>     Plaintiff, <br><br> v. <br><br> DUN & BRADSTREET, INC., and CONVERGYS CUSTOMER MANAGEMENT GROUP, INC. <br>     Defendants. | ) 1:12-cv-215 <br> ) <br> ) Magistrate Judge Denlow <br> ) (by consent) <br> ) <br> ) JURY DEMANDED <br> ) <br> ) |

**PLAINTIFF'S MOTION FOR CLARIFICATION ON CLASS CERTIFICATION**

Plaintiff respectfully requests that the Court issue an order clarifying its order of August 21, 2012, certifying the class in this case. In support of this motion, plaintiff states:

1. This is a Telephone Consumer Protection Act, 47 U.S.C. §227, et seq ("TCPA") "robocall" case. Defendant Dun & Bradstreet hired Convergys to call plaintiff and others' cellular telephones using an automatic telephone dialing system. 47 U.S.C. §227(b)(1)(A)(iii). Convergys has conceded that it used an "automatic telephone dialing system" as that term is used in the TCPA to make all calls at issue in this case.

2. On August 21, 2012, Judge Denlow certified the following class:

For the reasons stated in open court, Plaintiff's motion for Class Certification [4] is granted without prejudice subject to the Defendants seeking to decertify the class on or before 12/19/2012. The class is hereby defined as all persons nationwide who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where defendant obtained the phone number from some source other than directly from the called party, where any call was made between and including a date two years prior to the filing of this action, ongoing.

Docket Item 37; <u>Exhibit A</u>. The transcript of the proceedings that day are attached as <u>Exhibit B</u>.

3. On September 4, 2012, defendants each filed petitions for leave to interlocutory appeal this Court's ruling pursuant to Fed.R.Civ.P. 23(f). Exhibits C and D. Both appeals argue that this Court abused its discretion by certifying the class because it did not properly consider the requirements of Fed.R.Civ.P. 23. Both appeals also argue that the Court impermissibly used class certification as a "discovery sanction."

4. Plaintiff believes that the Court considered the requirements of Fed.R.Civ.P. 23 when it certified the class, and found that all requirements were satisfied. In either event, plaintiff files this motion so that the Court can clarify these issues, so that all the parties are on the "same page."

5. As this Court mentioned at the August 21, 2012, hearing, plaintiff's motion for class certification was filed on January 11, 2012. That motion explained why the elements for class certification were satisfied. Exhibit E. Plaintiff's understanding is that the Court carefully reviewed and considered that motion before granting it.

6. As this Court recognized in making its certification ruling, all calls were made using this same equipment. Exhibit B at 8:11-13. What is more, Convergys has conceded that the predictive dialer it used to make the Dun & Bradstreet calls constitutes an "automatic telephone dialing system" as that term is defined in the TCPA. Exhibit F at 14, interrogatory 5.

7. The transcript suggests that the Court also considered the only other issue that might have presented a problem for certification: consent. The transcript suggests that the granting of the class certification motion was largely based upon defendants' failure to show that any call recipient consented to receiving calls:

> COURT: "So unless somebody can show that there was consent, why shouldn't the class be certified?" Exhibit B at 8:15-17.

Neither defendant spoke up.[1] Similarly absent from defendants' appeal is any evidence, or even a specific argument, that any particular element of Fed.R.Civ.P. 23 certification is wanting.

8. For its part, as to consent, Convergys has conceded that it has no idea whether plaintiff or any other class member consented to receive the calls it made on behalf of Dun & Bradstreet: "Convergys does not have any information about previous communications or interactions between D&B and the people/entities that Convergys calls on behalf of D&B." Exhibit D at 11, interrogatory 1.

9. In sum, plaintiff's reading of the August 21, 2012 transcript strongly suggests that the Court certified the class because the requirements of Rule 23 were satisfied. The order was not a sanction, but was instead reflected the facts of this case applied to Rule 23:

   a. Numerosity may be inferred because the equipment used is designed to make a high volume of calls in a short period of time.

   b. Common questions of law and fact predominate over any individual issues. The common question is whether the dialer used to make the calls at issue constitutes an "automatic telephone dialing system" under the TCPA. Consent issues do not predominate because (1) the class is defined to exclude any persons who might have consented by providing their cell phone numbers to defendants, and (2) in the face of a court order, defendants have failed to put forward any evidence that any person consented to any call.[2]

---

[1] Dun & Bradstreet's burden of providing evidence and discovery regarding consent was the focus of every court appearance in this case, including on March 13, 2012, Exhibit E, and July 9, 2012 Exhibit F and of course August 21, 2012, Exhibit B.

[2] Consent issues typically do not predominate in a circumstance like this, anyway, but *certainly* cannot have a bearing under these circumstances where defendant refuses to provide any documents or data supporting such. Further, Dun & Bradstreet has not even pleaded "consent" as an affirmative defense in its answer.

c. The dialer issue is typical to plaintiff and the class because the same equipment was used to call everyone, and because Convergys has conceded that it used a dialer as that term is defined in the TCPA.

d. Adequacy remains unchallenged. Furthermore, this Court is familiar with Class Counsel's abilities and experience, and plaintiff is experienced in litigating TCPA class actions. Mr. Martin has responded to written discovery, and it has not been suggested by any party that he has anything but the best interests of the class members in mind in pursuing this action.

e. The class members were each called using the same equipment, thus satisfying Fed.R.Civ.P. 23(b)(2) requirement that defendants' actions be generally applicable to the class as a whole.

f. A class action is superior to other methods of resolving this case. As noted above, the same dialer was used to call everyone in the class. Use of an autodialer is difficult for call recipients to detect, so most class members are likely unaware that their rights may have been violated. The class mechanism is likely the only way for these persons to be notified of their rights, which is particularly appropriate where defendants have conceded that they used equipment that is regulated by the TCPA. Furthermore, the amounts at stake for individual class members are relatively small, and class members are unlikely to pursue their claims other than in a class action.[3]

---

[3] The TCPA is not fee-shifting. 47 U.S.C. § 227(b)(3).

10. Plus, when the Court inquired as to whether defendants knew of some reason why certification should not be granted, defendants were silent. <u>Exhibit C</u> at 8:15-17. For these reasons, plaintiff respectfully requests that the Court clarify its ruling.

WHEREFORE, plaintiff Nicholas Martin requests that the Court issue an order clarifying its order certifying the class in this case.

Respectfully submitted,

/s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com