```
 1   TRANSCRIBED FROM DIGITAL RECORDING

 2                 IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 3                          EASTERN DIVISION

 4   NICHOLAS MARTIN, on behalf of    )  Docket No. 12 C 215
     himself and others similarly     )
 5   situated,                        )
                                      )
 6                      Plaintiff,    )
                                      )
 7             v.                     )  Chicago, Illinois
                                      )  August 21, 2012
 8   DUN & BRADSTREET, INC., and      )  10:13 o'clock a.m.
     CONVERGYS CUSTOMER MANAGEMENT    )
 9   GROUP, INC.,                     )
                                      )
10                      Defendants.   )

11              TRANSCRIPT OF PROCEEDINGS - STATUS
                BEFORE THE HONORABLE MORTON DENLOW
12
     APPEARANCES:
13
     For the Plaintiff:          BURKE LAW OFFICES, LLC., by
14                               MR. ALEXANDER HOLMES BURKE
                                 155 North Michigan Avenue
15                               Suite 9020
                                 Chicago, Illinois 60601
16
     For Defendant Dun &:        ICE MILLER LLP, by
17   Bradstreet:                 MR. ISAAC J. COLUNGA
                                 2300 Cabot Drive
18                               Suite 455
                                 Lisle, Illinois 60532
19

20                  ALEXANDRA ROTH, CSR, RPR
                      Official Court Reporter
21                 219 South Dearborn Street
                           Room 1224
22                   Chicago, Illinois 60604
                         (312) 408-5038
23

24   NOTE:  Please notify of correct speaker identification.
     FAILURE TO SPEAK DIRECTLY INTO THE MICROPHONE MAKES
25   PORTIONS INAUDIBLE.
```

```
 1   APPEARANCES:  (Continued)

 2   For Defendant Convergys:      DLA PIPER US LLP IL, by
                                   MR. ALBERT EDWARD HARTMANN
 3                                 203 North LaSalle Street
                                   20th Floor
 4                                 Chicago, Illinois 60601

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1        (Proceedings had in open court:)
 2              THE CLERK:  12 C 215, Martin versus Dun & Bradstreet.
 3              MR. BURKE:  Good morning, Judge.  Alexander Burke for
 4   the plaintiff.  B-u-r-k-e.
 5              MR. COLUNGA:  Good morning, your Honor.  Isaac
 6   Colunga, C-o-l-u-n-g-a, for the defendant Dun & Bradstreet.
 7              MR. HARTMANN:  Good morning, your Honor.  Albert
 8   Hartmann, H-a-r-t-m-a-n-n, for defendant Convergys.
 9              MR. BURKE:  Judge, we are here this morning on status.
10   The last time we were in, your Honor entered an order
11   compelling Dun & Bradstreet to respond to my discovery.  And I
12   received -- well, the discussions leading up to that order were
13   that Dun & Bradstreet received an enormous amount of data and
14   that they were culling through the data trying to figure out
15   for which calls they had consent.
16              I didn't receive any of that information in response
17   to the motion to compel.  I received 500 pages of contracts and
18   insurance policies and non-responses in the form of
19   interrogatory responses.
20              They didn't tell me the information having to do with
21   my client.  They did produce maybe five pages having to do with
22   my client.  They didn't produce any materials about the TCPA,
23   you know, compliant materials, no dialer materials.  They
24   denied that they used a dialer, even though they previously
25   told me that they -- they had used a dialer.
```

```
 1              I view this as total non-compliance.
 2              THE COURT:  Who wants to respond?
 3              MR. COLUNGA:  I'd like to respond, Judge.
 4              First of all, your Honor, Dun & Bradstreet never
 5   explained to the plaintiff that they used a dialer.  The way
 6   this relationship worked is, we worked with Convergys, who had
 7   the dialers that placed the phone calls.  Dun & Bradstreet
 8   doesn't have dialers.
 9              Plaintiff is correct that we did receive a large
10   amount of data that we were working through.  And we were in
11   fact looking for consent.  Again, plaintiff is right about
12   that.
13              I think what plaintiff is having a problem is -- is
14   with the first interrogatory that he asked for.  And -- and
15   unfortunately the plaintiff is a victim of his own drafting.
16   What -- what he's asked for is identify -- for us to identify
17   all automated calls for each of the phone numbers in the class
18   that the plaintiff has described below.
19              In this class, it does require us to determine whether
20   the phone numbers that we have -- if they were provided to us
21   consensually.  And so we did spend a lot of time looking to
22   determine whether there was consent to these phone calls.
23   Unfortunately, what we determined is that there is no automated
24   way for us to do that.
25              Just to tell you a little bit about some parts of Dun
```

1 & Bradstreet, we have call records.  And we have a database
2 that contains information about companies, is how it works.
3 People subscribe to our service.  And you can find out a number
4 of different facts about companies and corporations if you ask
5 us for our information.
6       When we update those records, we enter a note that
7 states whether or where that update came from, the source of
8 that particular update, in some instances.  When that record is
9 updated again, that item is deleted, and it's replaced with the
10 new item that has the update -- the note as to the updated
11 information.
12       After we determine that and after looking back through
13 this, it -- it was clear that we didn't have an automated --
14 automated way of tracking back each phone number to determine
15 the source, to comply with the plaintiff's class definition.
16 And that's why we didn't produce the -- the list that plaintiff
17 was expecting to receive.
18       MR. BURKE:  Judge, in reply, I -- I would say that
19 first they haven't produced a single call record for anybody,
20 including the plaintiff.  They haven't admitted, I don't think,
21 that they even called the plaintiff.
22       Second of all, we issued these requests on February 7.
23       THE COURT:  I mean, there has been a motion for class
24 certification pending since January 11, since January 11.
25 You've been here a number of times.  And, you know, I -- I

1  don't see much has happened in terms of responding to the
2  discovery.
3      So what I'm inclined to do is to certify the class and
4  then let you figure out a way to decertify it.
5      MR. HARTMANN:  Your Honor, on behalf of defendant
6  Convergys, if I can clarify one thing.  Convergys was making
7  these calls.  We have produced a record of the call to
8  plaintiff in this instance.  So -- and I think one other thing
9  that Mr. Colunga mentioned, when he sent the discovery request
10 to Mr. Burke and that we -- we definitely second sitting down
11 to try to talk settlement because setting aside the class
12 definition which focuses on where defendant obtained the phone
13 number, the source of the number, it may be other ways to look
14 at this where we can come to some sort of classwide resolution.
15     MR. BURKE:  Judge, I think certifying a class and
16 letting them try to prove consent for blocks of consumers is
17 appropriate in this case.  I mean, there is no -- there is no
18 dispute that all the people were called using the same
19 mechanisms.  And there is an order compelling -- and this was
20 a -- weeks and weeks ago.  They had a long time to respond.
21     THE COURT:  It's -- it's months and months ago, months
22 and months.
23     MR. COLUNGA:  And, your Honor, the motion to certify
24 was filed with the complaint in order to stave off a pickoff
25 settlement offer to the named plaintiff.  It's a guidepost.  It

```
 1   doesn't contain any substance.
 2           THE COURT:  Well --
 3           MR. COLUNGA:  It's --
 4           THE COURT:  Well, in terms of discovery, I tried to
 5   give the defendants an opportunity to provide Mr. Burke with
 6   the necessary information so that you can determine or he can
 7   determine whether or not there is going to be a class or there
 8   is not going to be a class.  Nothing has been brought forward
 9   to lead me to believe that it's not an appropriate class
10   action.
11           Certifying a class and then letting you if later you
12   want to seek to decertify seems to be the only way to get your
13   attention on this to move the case forward.
14           MR. COLUNGA:  Your Honor, what -- what we might be
15   able to do is come up with a list that may not be responsive to
16   the discovery, but at least it would allow us to start with
17   numbers and start talking settlement, which I think we all want
18   to -- to do here.
19           THE COURT:  Okay.
20           MR. BURKE:  Judge, there is an order --
21           MR. COLUNGA:  It is possible.
22           MR. BURKE:  There is an order telling them to give me
23   all their evidence of the consent, and they did.
24           THE COURT:  Do you want to change the class definition
25   in any way from what you have in your motion for class
```

```
 1  certification?
 2         MR. BURKE:  Not that I know of, Judge.
 3         THE COURT:  Okay.  I'm going to grant plaintiff's
 4  motion for class certification subject to the defendants' right
 5  to seek decertification within 120 days.  Okay?  So that way
 6  your -- the ball is now in your court to come forward with the
 7  information.  I can't figure out any other way to get you to
 8  come forward with it.  Okay?
 9         So it's without prejudice to your right to seek
10  decertification if you find some basis for seeking it to be
11  decertified.  It's my understanding that there is no dispute
12  that the phone calls were all made in the same mechanism,
13  right?
14         MR. BURKE:  That's right, Judge.
15         THE COURT:  Same -- the same way.  So unless somebody
16  can show that there was consent, why shouldn't the class be
17  certified?
18         MR. BURKE:  And, Judge, after those 20 -- 120 days,
19  would the defendant then be barred from introducing evidence of
20  consent?
21         THE COURT:  Well, that's going to be left up to my --
22  that's going to be left up to my successor.  But I'm just
23  trying to move this case along.  Okay?
24         MR. BURKE:  Thank you.
25         THE COURT:  And -- and what I'll do is, I will give
```

```
 1   you -- I will set a status.  This is August.  I'll set a status
 2   in December.
 3           THE CLERK:  120 days is December 19.
 4           THE COURT:  Well, I want to bring them in before --
 5   before that, so they have an opportunity to talk to my
 6   successor about, you know, where -- where things stand.  So
 7   let's make it early December because I want to be sure that
 8   everybody has the opportunity to talk and sort through all
 9   this.
10           THE CLERK:  December 6, 10:00 a.m.
11           MR. HARTMANN:  Your Honor, just for the record, may I
12   note that the motion to compel discovery was directed only
13   against defendant Dun & Bradstreet, not defendant Convergys,
14   and that we weren't given an opportunity to brief the motion
15   for class certification on some of the other elements the
16   plaintiff is required to prove.
17           THE COURT:  And that's why this is without prejudice.
18   So, you know, you are not in any way -- you are not in any way
19   prevented -- I want to make this clear -- from raising any of
20   those other objections or anything else you want to raise.  But
21   I need the defendants to begin taking action.  And if one of
22   the defenses you have is, we have these consents, then I expect
23   that Mr. Burke is going to see that.
24           If one of your other defenses is something else -- I
25   mean, obviously my preference is always to have the plaintiff
```

1 go forward and -- and do it. But I just -- I just feel like
2 Mr. Burke has been facing a stone wall here.
3     So -- so that's going to be my order.
4     MR. BURKE: Thank you, Judge.
5     THE COURT: Very good. Take care.
6     MR. HARTMANN: Thank you, your Honor. And good luck
7 with your retirement.
8     THE COURT: Thank you. Thank you.
9   (Which were all the proceedings had at the hearing of the
10     within cause on the day and date hereof.)
11                     CERTIFICATE
12     I HEREBY CERTIFY that the foregoing is a true, correct
13 and complete transcript of the proceedings had at the hearing
14 of the aforementioned cause on the day and date hereof.
15
16   /s/Alexandra Roth                           8/27/2012
17   Official Court Reporter                       Date
   U.S. District Court
18   Northern District of Illinois
   Eastern Division
19
20
21
22
23
24
25

Case: 1:12-cv-00215 Document #: 43 Filed: 10/09/12 Page 10 of 10 PageID #:289