```
 1  TRANSCRIBED FROM DIGITAL RECORDING

 2                  IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
 3                           EASTERN DIVISION

 4  NICHOLAS MARTIN, on behalf of    )  Docket No. 12 C 215
    himself and others similarly    )
 5  situated,                        )
                                     )
 6                  Plaintiff,       )
                                     )
 7          v.                       )  Chicago, Illinois
                                     )  July 9, 2012
 8  DUN & BRADSTREET, INC., and      )  9:21 o'clock a.m.
    CONVERGYS CUSTOMER MANAGEMENT    )
 9  GROUP, INC.,                     )
                                     )
10                  Defendants.      )

11              TRANSCRIPT OF PROCEEDINGS - STATUS
                BEFORE THE HONORABLE MORTON DENLOW
12
    APPEARANCES:
13
    For the Plaintiff:            BURKE LAW OFFICES, LLC., by
14                                MR. ALEXANDER HOLMES BURKE
                                  155 North Michigan Avenue
15                                Suite 9020
                                  Chicago, Illinois 60601
16
    For Defendant Dun &:          ICE MILLER LLP, by
17  Bradstreet:                   MR. ISAAC J. COLUNGA
                                  2300 Cabot Drive
18                                Suite 455
                                  Lisle, Illinois 60532
19

20              ALEXANDRA ROTH, CSR, RPR
                  Official Court Reporter
21              219 South Dearborn Street
                       Room 1224
22               Chicago, Illinois 60604
                     (312) 408-5038
23

24  NOTE:  Please notify of correct speaker identification.
    FAILURE TO SPEAK DIRECTLY INTO THE MICROPHONE MAKES
25  PORTIONS INAUDIBLE.
```

```
 1   APPEARANCES:   (Continued)

 2   For Defendant Convergys:       DLA PIPER US LLP IL, by
                                    MR. ALBERT EDWARD HARTMANN
 3                                  203 North LaSalle Street
                                    20th Floor
 4                                  Chicago, Illinois 60601

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Case: 1:12-cv-00215 Document #: 44 Filed: 10/09/12 Page 2 of 9 PageID #:291

```
 1         (Proceedings had in open court:)
 2              THE CLERK:  12 C 215, Martin versus Dun & Bradstreet,
 3    Inc.
 4              MR. BURKE:  Good morning, Judge.  Alexander Burke for
 5    the plaintiff.
 6              THE COURT:  Go ahead and spell your last name for the
 7    record.
 8              MR. BURKE:  B-u-r-k-e.
 9              MR. HARTMANN:  Good morning, your Honor.  Albert
10    Hartmann, H-a-r-t-m-a-n-n, for defendant Convergys.
11              MR. BURKE:  Judge, counsel for Dun & Bradstreet, which
12    is the subject of this motion, isn't here yet.  I just was
13    looking on my phone.  I don't have his cell phone number.
14              Perhaps we should pass -- pass it for a few minutes
15    and try to give him a call.
16              THE COURT:  Okay.
17              MR. HARTMANN:  I -- I may have an e-mail he sent me.
18              THE COURT:  So why don't you try.
19              MR. HARTMANN:  Thank you.
20              THE COURT:  See what you can do.
21         (Other matter heard before this Court, after which the
22          following further proceedings were had herein:)
23              THE CLERK:  12 C 215, Martin versus Dun & Bradstreet,
24    Inc.
25              MR. BURKE:  Good morning, Judge.  Alexander Burke,
```

1  B-u-r-k-e, for the plaintiff.

2        MR. HARTMANN: Good morning, your Honor. Albert
3  Hartmann, H-a-r-t-m-a-n-n, for defendant Convergys.

4        MR. COLUNGA: Good morning, your Honor. Isaac
5  Colunga, on behalf of the defendant Dun & Bradstreet.

6        Your Honor, I apologize for running late this morning.
7  It was in my calendar for 10:00 a.m. I apologize to the Court
8  and to counsel as well.

9        THE COURT: Okay. So where do things stand?

10        MR. COLUNGA: Your Honor, plaintiff -- we spoke --
11  plaintiff's counsel and Dun & Bradstreet spoke a few weeks ago
12  with respect to where Dun & Bradstreet was with producing the
13  documents that plaintiff had requested. I understand that
14  plaintiff needed to file this motion to compel since there
15  were -- the Court has yet to set any discovery deadlines. I
16  think what -- what plaintiff is requesting is some deadlines so
17  that we can have some clarity and get -- have a little bit more
18  focus with respect to what the defendants need to produce.

19        I think I explained to the Court the last time we were
20  here that we have a lot of information that we're sifting
21  through. And the defendant is attempting to comply with. You
22  know, the interrogatory the plaintiff produced to us requires a
23  little bit more than just dumping a pile of documents on the
24  plaintiff.

25        We are going through the documents deliberately. We

1  are looking at them for not only where the cell phone numbers
2  came from.  But if you recall, Judge, this is a TCPA case
3  involving the -- allegedly involving calls made to cell phone
4  numbers.  So we're looking at not only cell phone numbers, but
5  we're also looking to whether there was consent to call those
6  numbers.  That's part of plaintiff's class definition, and
7  that's part of the plaintiff's request with respect to the
8  documents that we produced.
9          And it's -- it's taking a lot of time, unfortunately.
10 And -- and that's -- that's where we are.
11         THE COURT:  But that doesn't answer the question.  I
12 mean, you know, Mr. Burke has asked for a date certain by which
13 you are going to give him an answer.  So what's -- you know,
14 can you give him a date certain by which you're going to
15 respond to the discovery?
16         I appreciate it's taking a lot of time.  I mean, it
17 would be different if you told me, okay, Judge, we're engaged
18 in rolling discovery.  So as I go through things, I'm passing
19 it on to Mr. Burke.  I didn't hear that.
20         MR. COLUNGA:  That's correct, we -- we have not.
21 Convergys has made a production of documents, but Dun &
22 Bradstreet has not produced yet either rolling or in one lump.
23         We're not -- we are amenable to that -- to that kind
24 of arrangement.  I think that there are documents that we can
25 probably produce right now to Mr. Burke, not necessarily with

1  respect to the phone numbers or consent, but I believe Mr.
2  Burke is requesting insurance policies.  We may have copies of
3  those documents that we can produce and a few other documents
4  that he's requested.
5          But so with respect to dates, that's what we're
6  getting at.  I think --
7          THE COURT:  Well, here is what we're getting at.  What
8  we're getting at is, when a party issues discovery to another
9  party and the other party doesn't respond, a party shouldn't
10 have to go in on a motion to find out what's going on.  That's
11 what we're getting at.  Okay?
12         So Mr. Burke is entitled to know what's going on, when
13 he's going to get something.  I found Mr. Burke to be not
14 unreasonable if he knows that things are happening.  But if he
15 gets nothing and no responses, it doesn't work.
16         MR. COLUNGA:  You're right, Judge.  But I think in
17 this situation, we -- we have been in touch.  We have been
18 communicating.  Mr. Burke -- Mr. Burke, as you said, has been
19 very reasonable.  I -- I've made these explanations along the
20 way.
21         But what Mr. Burke wanted, and I understand, is -- is
22 a date, a date certain that we perhaps give him something with
23 respect to the production.  And when we last spoke, I was
24 unable to do that.  And that's what prompted the motion to
25 compel.

```
 1              Tomorrow, I have a very focused call with the client.
 2   And I believe, I am confident, that after this phone call I can
 3   give Mr. Burke a date certain, the date that he's looking for.
 4   If we can, if the Court is open to this, I would request just a
 5   short date, perhaps a deadline, so that I -- perhaps I can talk
 6   to Mr. Burke.  And we can come up with a schedule of dates
 7   that -- that we -- we can comply with.
 8              THE COURT:  Well, what -- what's outstanding?  What's
 9   outstanding?  There is a document request?
10              MR. BURKE:  All documents are outstanding.  All -- all
11   interrogatory responses essentially are outstanding.  We've got
12   some -- some, you know, objections and we've got some, you
13   know, placeholder objections and very little substantive
14   responses to our interrogatories.
15              We've got nothing as to, you know, consent as to the
16   plaintiff.  I don't have any documents having to do with my
17   guy.  Essentially --
18              THE COURT:  That's usually an important issue --
19              MR. COLUNGA:  It is.
20              THE COURT:  -- you know, with respect to the
21   plaintiffs.  You know, efforts should be being made to deal
22   with that specifically.
23              You know, I'm going to help focus the discussion with
24   your client tomorrow; and that is, all outstanding discovery is
25   to respond -- to be responded to on or before August 15, unless
```

```
 1   otherwise agreed to by plaintiff's counsel.  So the plaintiff's
 2   motion to compel is granted.  All outstanding discovery by
 3   defendant Dun & Bradstreet, Inc., is to be complied with by,
 4   you know, August 15, unless otherwise agreed to by plaintiff's
 5   counsel.
 6            So I want to -- you know, I don't know what else to
 7   do.
 8            MR. COLUNGA:  I -- I understand, Judge.
 9            THE COURT:  Do we have another date in the case,
10   another status date?
11            MR. HARTMANN:  I believe we have an August date.
12            THE COURT:  Let me just check here.  Yeah, we got a
13   status on August 7.  So why don't we -- why don't we continue
14   that status date to let's say August -- August 16, the day
15   after the --
16            MR. BURKE:  Judge, could I -- could I ask for perhaps
17   like the 21st?
18            THE COURT:  If you are on vacation.
19            MR. BURKE:  I am.  I'm scheduled to be in Wisconsin.
20            THE COURT:  Okay.  We will let you go on vacation.
21            THE CLERK:  You won't be here, Judge.
22            THE COURT:  Okay.  I'll be on vacation.  Okay.
23            Linda, when am I back?
24            THE CLERK:  The 21st or the 23rd.
25            THE COURT:  The 21st or 23rd, is that okay?  Will you
```

```
 1   be back, Mr. Burke?
 2           MR. BURKE:  Yes.
 3           THE COURT:  Does that work for the other attorneys?
 4           MR. COLUNGA:  Yes.
 5           MR. HARTMANN:  Yes.
 6           MR. COLUNGA:  That works for me, your Honor.  I'm not
 7   allowed to take vacation.
 8           THE COURT:  Good.  You've been well trained.  No.
 9           THE CLERK:  Which date?
10           THE COURT:  How about the 21st, 21st at 10:00 o'clock.
11   So we'll vacate the -- vacate the August 7 date.  And, okay.
12           MR. BURKE:  Than you, Judge.
13           MR. COLUNGA:  Thank you, your Honor.
14        (Which were all the proceedings had at the hearing of the
15           within cause on the day and date hereof.)
16                              CERTIFICATE
17             I HEREBY CERTIFY that the foregoing is a true, correct
18   and complete transcript of the proceedings had at the hearing
19   of the aforementioned cause on the day and date hereof.
20
21    /s/Alexandra Roth                                  8/30/2012
     _____      _____
22    Official Court Reporter                           Date
      U.S. District Court
23    Northern District of Illinois
      Eastern Division
24
25
```