```
 1   TRANSCRIBED FROM DIGITAL RECORDING

 2                IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
 3                        EASTERN DIVISION

 4   NICHOLAS MARTIN, on behalf of   )  Docket No. 12 C 215
     himself and others similarly    )
 5   situated,                       )
                                     )
 6                    Plaintiff,     )
                                     )
 7          v.                       )  Chicago, Illinois
                                     )  March 13, 2012
 8   DUN & BRADSTREET, INC., and     )  10:27 o'clock a.m.
     CONVERGYS CUSTOMER MANAGEMENT   )
 9   GROUP, INC.,                    )
                                     )
10                    Defendants.    )

11            TRANSCRIPT OF PROCEEDINGS - STATUS
              BEFORE THE HONORABLE MORTON DENLOW
12
     APPEARANCES:
13
     For the Plaintiff:            BURKE LAW OFFICES, LLC., by
14                                 MR. ALEXANDER HOLMES BURKE
                                   155 North Michigan Avenue
15                                 Suite 9020
                                   Chicago, Illinois 60601
16
     For Defendant Dun &:          ICE MILLER LLP, by
17   Bradstreet:                   MR. ISAAC J. COLUNGA
                                   2300 Cabot Drive
18                                 Suite 455
                                   Lisle, Illinois 60532
19

20                      ALEXANDRA ROTH, CSR, RPR
                          Official Court Reporter
21                      219 South Dearborn Street
                               Room 1224
22                        Chicago, Illinois 60604
                             (312) 408-5038
23

24   NOTE:  Please notify of correct speaker identification.
     FAILURE TO SPEAK DIRECTLY INTO THE MICROPHONE MAKES
25   PORTIONS INAUDIBLE.
```

```
 1   APPEARANCES:   (Continued)

 2   For Defendant Convergys:        DLA PIPER US LLP IL, by
                                     MR. ALBERT EDWARD HARTMANN
 3                                   203 North LaSalle Street
                                     20th Floor
 4                                   Chicago, Illinois 60601

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1         (Proceedings had in open court:)
 2             THE CLERK:  12 C 215, Martin versus Dun & Bradstreet.
 3             MR. BURKE:  Good morning, Judge.  Alexander Burke,
 4   B-u-r-k-e, for the plaintiff.
 5             MR. COLUNGA:  Good morning, your Honor.  Isaac
 6   Colunga, C-o-l-u-n-g-a, on behalf of the defendant Dun &
 7   Bradstreet.
 8             MR. HARTMANN:  Good morning, your Honor.  Albert
 9   Hartmann, H-a-r-t-m-a-n-n, on behalf of the defendant
10   Convergys.
11             THE COURT:  Okay.  I see Mr. Burke has filed a motion
12   to certify the class.  So what do you need to do before you are
13   ready to proceed with that motion?
14             MR. BURKE:  I would need some class discovery.  I've
15   already issued some very limited discovery requests.  I think I
16   have passed eight interrogatories and something like 12
17   document requests, some -- and some requests for admission.
18             I would hope to maybe file a memorandum in support of
19   that motion in, say, 60 days.
20             THE COURT:  Okay.  And what would you need to do in
21   opposition to the motion, in the way of discovery?  I mean, I'm
22   going to focus on that aspect of it first.  Either we're going
23   to have a class action or we're not going to have a class
24   action.
25             MR. COLUNGA:  Your Honor, I think there -- there is
```

1   two issues. And I'll let counsel take over with respect to one
2   of them. But one of them, what we see is, in a case like this,
3   there is an awful lot of electronically stored information
4   discovery that pertains to that. And we're in the process
5   right now of obtaining as much as we can. We still have to
6   review it. We have to organize it and then produce it.
7       I do feel that 60 days might be cutting it a little
8   short. However, there is -- there is an issue with respect to
9   bifurcation. And I think counsel can speak to that as well
10  that might -- might help expedite things.
11      MR. HARTMANN: Yes, your Honor. In the status report,
12  we were thinking -- the defendants were thinking along the
13  lines that you were -- we focused on the class issues.
14  Initially do discovery on the elements that Mr. Burke will need
15  to certify a class, unless the defendants concede that, say,
16  for example, numerosity. Focus that, get the class
17  certification resolved. And then if there is any merits based
18  discovery left, do that at the end. But also conceding that
19  after discussing with Mr. Burke in a Rule 26(f) conference, if
20  the defendants are going to have to serve defenses such as
21  consent, we would have to provide discovery on that in --
22      THE COURT: All right.
23      MR. HARTMANN: -- 60 days --
24      THE COURT: The consent issue really requires you to
25  look at each particular customer? Is that what it involves?

1      MR. HARTMANN: Yes, your Honor.

2      MR. COLUNGA: That's right, your Honor. We're still
3 identifying, you know, the numbers, the precise numbers, and
4 the customers themselves. We also still need to identify the
5 communication that they allegedly received. Or I'm sorry, the
6 call.

7      MR. BURKE: Judge, this is not like some other auto-
8 dialer cases, like the ones against debt collection agencies.
9 I mean, the plaintiff has no relationship with Dun & Bradstreet
10 or Convergys. They obtained this phone number from some
11 source. I don't know where they got it. But it seems hard to
12 imagine that there is consent here.

13      THE COURT: What -- what was the nature of the call
14 itself?

15      MR. BURKE: It was a call that was made in order to
16 build Dun & Bradstreet's database, as far as we can tell.

17      THE COURT: To build --

18      MR. BURKE: Dun & Bradstreet is like a company that
19 provides sort of credit reports for businesses.

20      THE COURT: Right.

21      MR. BURKE: And so they were trying to learn about my
22 client's business when they made this phone call. Convergys is
23 a company that Dun & Bradstreet hired to build its database.

24      During the phone call, the operator told my client
25 that they used an autodialer. And really the autodialer issue

```
 1   is -- as I see it, that's the only merits issue here.  I don't
 2   think that it's going to be a messy issue.
 3               Typically in this kind of case the only thing I need
 4   to do in order to prove that they used an autodialer under the
 5   TCPA is ask a few questions in a deposition.  Sometimes I even
 6   get --
 7               THE COURT:  Right.
 8               MR. BURKE:  -- interrogatory.
 9               THE COURT:  You can do it through an interrogatory
10   request to admit.  I mean --
11               MR. BURKE:  Although they usually deny the request for
12   admission even though I tried to carefully craft them.  So, you
13   know, and I understand --
14               THE COURT:  Are you getting -- are you getting better
15   at crafting them?
16               MR. BURKE:  I'm trying, Judge.  I think that I've
17   gotten better, especially in my interrogatories.  They're very
18   pointed.  And, you know, for a very large case, you know, I'm
19   not sure I'm going to need any more interrogatories than the
20   nine or so that I've issued.
21               THE COURT:  Mr. Burke is getting good at this stuff.
22   He's got his own law firm now.  I mean, I knew him when he was
23   just at Edelman & Combs, just young associate getting --
24   getting his feet wet here.
25               MR. BURKE:  It was good experience, Judge.  You know,
```

1  I'm having a good time with this autodialer stuff.
2              You know, the plaintiff opposes bifurcation.  You
3  know, the -- the liability issue that defendants are referring
4  to, I think, is just this whether they were using an auto-
5  dialer.  I think that that -- that issue meshes with the class
6  issues because I'm going to have to prove that everyone used --
7              THE COURT:  And --
8              MR. BURKE:  -- the same dialer.
9              THE COURT:  -- also meshes with the issue whether
10 you're going to settle the thing or not settle the thing.  So
11 as long as a discovery is somewhat limited in scope, as Mr.
12 Burke has described, as it relates to merits, I'm not going to
13 bifurcate the discovery.  You can go ahead and do both class
14 and merits.  And, you know, I want to keep -- keep the class
15 discovery moving forward.
16             So let me see you in about 60 days.
17             MR. COLUNGA:  If -- perhaps, your Honor, if we can set
18 a status in 60 days.  But I do feel that we may need more time
19 to that too --
20             THE COURT:  Well, I'll find out.  I mean, you know,
21 I'm looking for you to be working closely together to move it
22 forward.  But let me see you on a status in 60 days.
23             I mean, you know, what -- what I think sometimes is
24 helpful is to just take examples of -- I mean, yes, I mean,
25 while you may want the entire discovery, just pulling out

1  representative situations and seeing whether they -- they work
2  for you is also helpful.  So you may have a period of time that
3  you asked for, two years back.
4          MR. BURKE:  Right, it's two years.
5          THE COURT:  So, I mean, if you can give him on a
6  rolling basis a couple of months and let him analyze it, he's
7  going to tell you whether he's got a case or doesn't have a
8  case, if they're representative.  So you take one month from
9  the first year, one month from the second year, and something
10 along those lines.
11         MR. BURKE:  I -- I think that's something we can work
12 out.  I mean, you know, the way I've defined the class is, it
13 does not include anyone who gave their phone number to either
14 defendant.  And giving your phone number is consent.  And I'm
15 not aware of any other action or inaction that can constitute
16 consent.
17         So from my perspective, there should be no one in the
18 class who consented.
19         MR. COLUNGA:  Beyond consent, there may be individuals
20 in the class as it's currently defined, I believe, who -- where
21 the phone call did not go to a cell phone.  And we still need
22 to confirm that.  Whether --
23         THE COURT:  That's why I'm saying, you know, spend
24 some time just, you know, breaking out a month from each year
25 quickly.  Get it to Mr. Burke.  Let him analyze it.  See where

1   you're going with the thing.  And then he'll realize whether or
2   not you're going to have defenses or whether he's got a slam
3   dunk.
4           MR. COLUNGA:  That's right, your Honor.  And I should
5   say, your Honor, we are working well together.  This is -- this
6   might be a little quibble before you.  But we -- we can work
7   this out.
8           MR. BURKE:  You know, one other thing, Judge, that may
9   be worth mentioning is that I recall that one of the
10  affirmative defenses had to do with releases for some of the
11  class members as to other cases.  And I'm not aware of any
12  other cases that this -- that might relate to this case.  And I
13  think I issued discovery about this.
14          Am I thinking of the wrong case?
15          MR. HARTMANN:  No, that -- that was actually my -- it
16  was more preemptive.  Just it -- I'm not aware of any other
17  cases specifically.  But to the extent there is something out
18  there, I wanted to --
19          THE COURT:  So why don't we see you in 60 days.  And I
20  want progress made both on, you know, the class certification
21  issue and -- and the merits issue.  Let's see where we stand.
22          THE CLERK:  May 15, 10:00 a.m.
23          MR. BURKE:  Great.  Thank you.
24          THE COURT:  Thank you.  Thank you all.
25          MR. COLUNGA:  Your Honor, I apologize, we also have a

1  status report that we had issued, the plaintiff had filed, with
2  respect to the several -- the dates.
3            MR. BURKE:  I suggested October 15 as the discovery
4  cutoff.  And maybe we should just talk about that in May.
5            THE COURT:  Yeah, let's talk about it in May.  See, I
6  mean, you'll have a better handle on to see whether you have
7  the difficulties you anticipate or not.
8            MR. BURKE:  Okay.
9            THE COURT:  Okay?
10           MR. COLUNGA:  Thank you, your Honor.
11           MR. HARTMANN:  Thank you.
12           THE COURT:  Thank you.
13      (Which were all the proceedings had at the hearing of the
14         within cause on the day and date hereof.)
15                           CERTIFICATE
16           I HEREBY CERTIFY that the foregoing is a true, correct
17  and complete transcript of the proceedings had at the hearing
18  of the aforementioned cause on the day and date hereof.
19
20   /s/Alexandra Roth                              8/30/2012
    _____        _____
21   Official Court Reporter                        Date
     U.S. District Court
22   Northern District of Illinois
     Eastern Division
23
24
25