```
 1   TRANSCRIBED FROM DIGITAL RECORDING

 2              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
 3                      EASTERN DIVISION

 4   NICHOLAS MARTIN, on behalf of himself)
     and others similarly situated,      )
 5                                       )
              Plaintiff,                 )
 6                                       )
              vs.                        ) No. 12 C 215
 7                                       )
     DUN & BRADSTREET, INC.; and CONVERGYS)
 8   CUSTOMER MANAGEMENT GROUP, INC.,    ) Chicago, Illinois
                                         ) September 12, 2012
 9            Defendants.                ) 9:24 A.M.

10             TRANSCRIPT OF PROCEEDINGS - Motion
        BEFORE THE HONORABLE MORTON DENLOW, Magistrate Judge
11
     APPEARANCES:
12
     For the Plaintiff:        ALEXANDER HOLMES BURKE
13                             155 North Michigan Avenue
                               Suite 9020
14                             Chicago, Illinois  60601

15   For Defendant Dun:        ICE MILLER
                               2300 Cabot Drive
16                             Suite 455
                               Lisle, Illinois  60532
17                             BY:  MR. ISAAC J. COLUNGA

18   For Defendant Convergys:  DLA PIPER US LLP IL
                               203 North LaSalle Street
19                             20th Floor
                               Chicago, Illinois  60601
20                             BY:  MR. ALBERT EDWARD HARTMANN

21               PAMELA S. WARREN, CSR, RPR
                    Official Court Reporter
22               219 South Dearborn Street
                        Room 1928
23               Chicago, Illinois  60604
                      (312) 294-8907
24
     NOTE:  Please notify of correct speaker identification.
25   FAILURE TO SPEAK DIRECTLY INTO THE MICROPHONE MAKES PORTIONS
     UNINTELLIGIBLE.
```

```
 1            (Proceedings held in open court:)
 2            THE CLERK:  12 C 215, Martin versus Dun & Bradstreet.
 3            MR. BURKE:  Good morning, Judge.
 4            THE COURT:  Good morning.
 5            MR. BURKE:  Alexander Burke, B-u-r-k-e, for the
 6   plaintiff.
 7            MR. HARTMANN:  Good morning, your Honor.  Albert
 8   Hartmann, H-a-r-t-m-a-n-n, for defendant Convergys.
 9            MR. COLUNGA:  Good morning, your Honor.  Isaac
10   Colunga, C-o-l-u-n-g-a, on behalf of defendant Dun &
11   Bradstreet.
12            MR. BURKE:  Judge, we're up this morning on the
13   plaintiff's motion to clarify the class certification order.
14   You may recall last time we were in on a status, your Honor
15   certified the class in this case.  The defendants have each
16   filed 23(f) appeals arguing that the certification was not a
17   reasoned order on the elements of class certification but
18   instead was a sanction.
19            THE COURT:  Okay.
20            MR. BURKE:  I thought differently but I thought
21   perhaps we should raise this with your Honor other than
22   speculate in the Court of Appeals.
23            THE COURT:  I appreciate the opportunity.  As you
24   know, I'm going to be retiring at the end of this month, and I
25   just wanted to be sure that this case was in a posture that my
```

1  successor didn't have to deal with the same issues that I have
2  been dealing with the last eight months.
3        So to the extent I was not as articulate as I perhaps
4  could have or should have been, I'll be happy to clarify that
5  if counsel would like me to.
6        MR. HARTMANN:  Your Honor, if I may, Mr. Burke's
7  motion for clarification is in essence a supplemental motion
8  for class certification.  He puts before your Honor discovery
9  responses and arguments that were never advanced until he filed
10 that motion.  So essentially it is kind of a second bite at the
11 apple after your previous order, which he correctly says we
12 view as a discovery sanction against our co-defendant that
13 sweeps (unintelligible).  But, more importantly, the one issue
14 that we have addressed several times here is can the class as
15 defined by Mr. Burke be identified.
16       THE COURT:  Okay.
17       MR. HARTMANN:  Convergys, which made the calls, as
18 explained, that it doesn't have access to records that would
19 allow it to do that.  Dun & Bradstreet, which has access to
20 certain records, which may allow it to get to the source of the
21 number that was called, has been trying to see if the class as
22 defined is essentially identifiable.  And a motion for
23 clarification, frankly, doesn't address that fundamental
24 problem.
25       So if we're going to go back and have a supplemental

1  motion for class certification, we should be allowed to fully
2  respond to that after the completion of discovery, including,
3  potentially, depositions of the plaintiff or if Mr. Burke needs
4  to depose our people.
5             THE COURT:  Okay.
6             MR. HARTMANN:  Which is what we originally envisioned
7  under the scheduling order.
8             THE COURT:  Okay.  You know, anything you would like
9  to add?
10            MR. COLUNGA:  I would just like to add, your Honor,
11 that the Seventh Circuit has ordered the plaintiff to file a
12 response to our petitions.  I believe that's due on the 26th of
13 this month.  So it seems a little bit redundant that we would
14 be litigating the issues here twice with respect to
15 certain -- I'm sorry -- in both forums.
16            THE COURT:  Okay.  Well, you know, I want the Seventh
17 Circuit to have the full benefit of my reasoning and my
18 rationale, to the extent, as I indicated, I was not perhaps as
19 articulate the first time as I could have been.  To me class
20 certification in this case is a no brainer.  It is a no
21 brainer.  In order to have a class action, it is covered by
22 Federal Rule of Civil Procedure 23, and it requires a two-step
23 analysis to determine if class certification is appropriate.
24            First, the plaintiff must satisfy all four
25 requirements of Rule 23(a).  Numerosity, which clearly exists

1 here; commonality, which clearly exists here; typicality, which
2 clearly exists here; and the adequacy of the representation.
3 Mr. Burke has extensive experience, and, you know, I have had
4 him in other class actions. He's certainly an adequate
5 representative.
6       Second, the action must satisfy one of the conditions
7 of Rule 23(b). As I understood what is going on here,
8 plaintiffs seek certification of 23(b)(3).
9       Is that correct, Mr. Burke?
10       MR. BURKE: It seeks certification under (b)(2) and
11 (b)(3).
12       THE COURT: (b)(2). Okay.
13       Well, clearly under (b)(3) the questions of law or
14 fact are common with the class members, and they predominate
15 over any questions affecting only individual members. And in
16 this type of case, a class action is superior to other
17 available methods for the fair and efficient adjudication of
18 the controversy.
19       What was your point under (b)(2)?
20       MR. BURKE: Judge, the statute itself permits a
21 plaintiff to ask for injunctive relief. So we have got a
22 (b)(2) class asking for injunctive relief. The defendant
23 treated the plaintiff the same way as all the class members
24 and --
25       THE COURT: Okay.

1      MR. BURKE:  -- so --

2      THE COURT:  Okay.  And you want them to stop
3 (unintelligible) stop this, is that correct?

4      MR. BURKE:  Yes, Judge.  The defendant's actions are
5 generally applicable to the class as a whole.

6      THE COURT:  Okay.  And I would also find that under
7 those circumstances as satisfactory the (unintelligible).  So
8 to me -- I mean, I couldn't see an easier class to certify than
9 this one.  And I did not want the defendants to continue to
10 benefit by their delay in providing the necessary discovery,
11 which is why I gave you the option that if by a miracle you can
12 come back and establish that this class should not be
13 certified, I'm giving you till -- I forget what date it was --
14 December 19th to come back and seek decertification.

15      So that was my rationale.  This is a no brainer class
16 action.

17      MR. BURKE:  The plaintiff and the class members were
18 also called using the same equipment that Convergys has
19 actually admitted constitutes an automatic telephone dialing
20 system under the TCPA.

21      THE COURT:  And I have given you plenty of time to try
22 to determine whether or not there was any consent here because
23 that can be an issue.  You come back with nothing to establish
24 consent.  The plaintiff has denied consent.  I'm not going to
25 let this case hang around for years while you continue to

1  dawdle in discovery.
2          So it is a class.  I intended it to be a class.  It is
3  a no brainer plaintiff.  It meets all the requirements of 23(a)
4  and 23(b)(2) and (b)(3).  So hopefully you'll share that with
5  the Seventh Circuit because I'm going to be gone as of
6  September 30th, and I wouldn't want them to be confused by my
7  ruling.  And certainly they are free to do what they think is
8  appropriate under the circumstances.
9          MR. BURKE:  Thank you, Judge.
10         MR. HARTMANN:  Your Honor, understood.  For the
11 record, I just note that, again, the roles of the defendants
12 and the discovery posture is very different, and there is no
13 suggestion Convergys has not provided discovery.  There was no
14 motion to compel.  And part of the -- some elements that you
15 announced today, which were first presented in Mr. Burke's
16 motion, again we haven't had a chance to test the discovery or
17 through responsive briefing which the Court just said is a
18 severe disadvantage.  And, again, none of this gets us any
19 closer to the issue of, can you identify the class.
20         Mr. Burke -- as Mr. Burke defined it, we can't just
21 assume that that class is identifiable because we can't tell
22 who it is.  We can't move on them with notice.  We
23 (unintelligible) class certification.
24         THE COURT:  Well, hopefully you will proceed with the
25 discovery apace.  It won't be problem.

1        MR. BURKE:  Yeah.  Just one comment on that issue.
2   Dun & Bradstreet's counsel mentioned all along that it was
3   difficult to do an automatic search of records for people who
4   didn't consent.  But they have never said that it was
5   impossible.  They have never -- they have never said it was
6   impossible to do -- to find the people who didn't consent or
7   the people who are in the class.  They have just said it was
8   difficult, but never put forth any evidence as to the burden.
9        THE COURT:  Look, I'm not going to permit defendants
10  to benefit by any action -- by any action.  So that's --
11       MR. COLUNGA:  Your Honor, if I could --
12       THE COURT:  -- that's my ruling.
13       MR. COLUNGA:  -- on behalf of Dun & Bradstreet, if I
14  could just clarify, just to add something of record.  We have
15  continued working.  What we -- we haven't been dawdling.  We
16  have been responding to plaintiff's requests as they come in.
17  They have gotten harsher as time goes on, and we have
18  responded.  We are working.  And we do intend to make a
19  production of documents.  We -- that's always been our
20  intention.  We have never been evading a discovery or
21  intentionally delaying discovery in this case.
22       A couple of --
23       THE COURT:  All right.  The court has a different
24  view.  The court has a different view.
25       MR. COLUNGA:  Okay.

1    THE COURT: Anything else?

2    MR. COLUNGA: With respect to just some procedural
3 points, that if this transcript is going to go to the Seventh
4 Circuit, I think it is important to clarify that when the --
5 the only motion for certification that was pending, your Honor,
6 had been mentioned by the plaintiffs, stating that the only
7 purpose that he was filing it with his complaint,
8 contemporaneously with his complaint, was that -- to avoid a
9 pick-off move by the defendant since it would moot his case.

10    The defendants, again, have never had time to brief
11 the issue of class certification. The -- it was never the
12 parties's intention that the Court would rule on the motion for
13 class certification as it was originally submitted.

14    THE COURT: No, the motions in front of me, I decided
15 it, and there it is, so --

16    MR. BURKE: Thank you very much.

17    THE COURT: Okay.

18    MR. HARTMANN. Thank you, your Honor.

19    (Which concluded the proceedings in the above-entitled
20 matter.)

21                              CERTIFICATE

22    I HEREBY CERTIFY that the foregoing is a true, correct
and complete transcript of the proceedings had at the hearing
23 of the aforementioned cause on the day and date hereof.
*/s/Pamela S. Warren*                       September 17, 2012
24 Official Court Reporter                              Date
United States District Court
25 Northern District of Illinois
Eastern Division