# SETTLEMENT AGREEMENT

1.     This Settlement Agreement is between Nicholas Martin ("Plaintiff"), on behalf of himself and the class he represents ("Class," as defined below) on one hand, and Dun & Bradstreet, Inc. and Convergys Customer Management Group Inc. ("Defendants," as defined below).

## RECITALS

2.     WHEREAS, on January 11, 2012, Nicholas Martin filed a Complaint in the United States District Court for the Northern District of Illinois, Eastern Division, captioned *Nicholas Martin v. Dun & Bradstreet, Inc. and Convergys Customer Management Group Inc.,* Case No. 1:12-CV-215 (the "Action," as defined below);

3.     WHEREAS, Plaintiff asserted a claim on behalf of himself and a similarly situated class that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"), and in response Defendants denied the material allegations of Plaintiff's Complaint, including but not limited to, the allegations that they violated the TCPA;

4.     WHEREAS, Defendants deny the allegations made in the Action, and contest all liability with respect to any and all facts and claims alleged in the Action, and further deny that Plaintiff or any member of the Class have suffered any damages, but nevertheless desire to settle the Action finally on the terms and conditions herein set forth for the purposes of avoiding the burden, expense, and uncertainty of litigation, and putting to rest the controversies engendered by the Action and the issues within the scope of the releases set forth below.  By agreeing to this Agreement and the Settlement, Defendants do not admit any liability with respect to the allegations in Plaintiff's Complaint, retract or surrender any of the factual or legal positions they asserted in the Action, or concede the invalidity of those positions;

5.     WHEREAS, contested issues of both law and fact exist concerning the allegations and claims made between the Parties in the Action;

6.     WHEREAS, Plaintiff has conducted an investigation into the facts and law and has engaged in settlement negotiations relating to the Action;

7.     WHEREAS, as of November 2012 and in connection with settlement negotiations, Defendants identified approximately 66,000 persons or business entities that may fall within the scope of the "Class," as defined below; and

8.     WHEREAS, Plaintiff and his counsel have fully analyzed and evaluated the merits of each party's contentions and the terms of this Agreement as it affects all parties, including the individual members of the Class, as defined below, and, after taking into account the foregoing along with the risks of litigation, and the likelihood that the Action, if not settled now, will be protracted and expensive, they are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that a settlement is in the best interest of the Class.

9.     NOW THEREFORE, in consideration of the covenants and agreements set forth herein, it is agreed that the Action shall be settled, subject to judicial approval, under the following terms and conditions:

## I. DEFINITIONS

1.01     "Action" means *Nicholas Martin v. Dun & Bradstreet, Inc. and Convergys Customer Management Group Inc.,* Case No. 1:12-CV-215 (N.D. Ill.).

1.02     "Agreement" means this Settlement Agreement.

1.03     "Benefit Check" means the check to be sent to those Class members who submit a Valid Claim Form and who shall receive consideration pursuant to Section III below.

1.04     "Claim Period" means the period of sixty (60) days from the initial mailing of Class Notice to the Class by the Settlement Administrator, or as otherwise set by the Court.

1.05     "Class" means all persons or business entities (1) who Convergys Customer Management Group Inc. called on behalf of Dun & Bradstreet, Inc., between January 11, 2008 and January 11, 2012, and (2) who have a record in the Salesforce.com database used by Convergys Customer Management Group Inc. and Dun & Bradstreet, Inc. that contains both (a) a phone number identified as a cellular telephone number and (b) at least one activity on or before January 12, 2012, which resulted in a call being placed to that person or business entity.

Defendants have compiled a list of Class Members; there are approximately 66,000 persons or business entities in this Class.  Persons that are not on the list are not included in this Agreement or the Settlement.

1.06     "Class Counsel" means Burke Law Offices, LLC.

1.07     "Class Member" means a member of the Class.

1.08     "Class Notice" means the mailed notice of the Settlement that is contemplated by this Agreement. Such notice shall double postcard, consisting of summary

2

notice and tear-off return claim form, in substantially the form attached as <u>Exhibit A</u>.

1.09    "Long Form Notice" is a more comprehensive explanation of class members' rights and obligations, and shall be available on the Settlement Website. The Long Form Notice shall be in a form substantially similar to <u>Exhibit B</u>.

1.10    "Settlement Website" shall mean an Internet website such as: www.dbconvergysTCPAsettlement.com or similar, where documents and claim information and submission will be available, including a document similar to the claim form attached as Exhibit C. Class members may also electronically make claims at the Settlement Website, and Claim Forms will also be available on the Settlement Website. The content and format of the website will be agreed upon by the parties.

1.11    "Court" means the Honorable Judge Daniel G. Martin, United States Magistrate Judge for the Northern District of Illinois, and/or such other United States Judge for the Northern District of Illinois to whom the Action may hereafter be assigned.

1.12    "Defendants" means Dun & Bradstreet, Inc. and Convergys Customer Management Group Inc.

1.13    "Defense Counsel" means Ice Miller, LLP and DLA Piper LLP (US).

1.14    "Final Approval" means the last date on which all of the following have occurred:

(a)    The Court has issued all necessary orders under Fed. R. Civ. P. 23 approving of the Settlement in a manner consistent with the terms and intent of this Agreement (or in a manner agreed to by all of the Parties).

(b)    The Court has entered a judgment finally approving the Settlement of the Action in a manner consistent with the terms and intent of the Agreement ("Judgment") (or in a manner agreed to by all of the Parties).

(c)    Either: (i) thirty-five (35) days have passed after entry of the Judgment and within such time, no appeal is taken, or (ii) the date after all appellate remedies are exhausted and the Judgment is upheld, or not altered in a manner that is substantially inconsistent with the Settlement and Judgment, provided that any change or modification that may increase any of Defendants' liability or reduce the scope of the Releases or of the Class shall be considered as preventing the occurrence of Final Approval, unless both Defendants waive this condition.

1.15    "Final Approval Date" means the date upon which Final Approval occurs.

1.16    "Parties" means Representative Plaintiff, the Class, and Defendants.

1.17    "Plaintiff's Counsel" means Burke Law Offices, LLC.

1.18    "Preliminary Approval" means the order or orders of the Court preliminarily approving the terms and conditions of this Agreement in the same form as the proposed order attached hereto as Exhibit D (or in a form agreed to by all of the Parties).

1.19    "Preliminary Approval Date" means the date on which the order or orders constituting Preliminary Approval are entered by the district court.

1.20    "Releases" shall mean the releases contained in Section IV of this Agreement.

1.21    "Representative Plaintiff" means Nicholas Martin and any other person who shall be appointed as such.

1.22    "Settlement" means the resolution of the matters within the scope of the Releases set forth herein, as embodied in this Settlement Agreement.

1.23    "Settlement Administration Costs" means the costs for administering the Settlement provided for herein to be paid exclusively from the Settlement Benefits, including but not limited to the costs of mailing Class Notice and claim forms to the Class Members and providing Benefit Checks to Class Members who submit a Valid Claim Form, and creation and maintenance of a class website.

1.24    "Settlement Administrator" means AB Data, Ltd.

1.25    "Settlement Benefits" means a minimum of four million nine hundred thousand dollars ($4,900,000) and a maximum of seven million five hundred thousand dollars ($7,500,000) that Defendants may become obligated to pay by operation of the Settlement, if it gains Final Approval. This is a "common fund" settlement. The Settlement Benefits shall pay for: (1) first, notice and Settlement Administration Costs, (2) second, attorneys' fees and costs to Class Counsel, as approved by the Court, (3) third, incentive awards, if any, to the Representative Plaintiff, and (4) fourth, a Class recovery on a *pro rata* basis to Class Members who submit a Valid Claim Form, as follows:

(a)    Each Class Member who submits a Valid Claim Form will be paid a *pro rata* share with no cap and no floor (the "per-Class Member Settlement Benefit").

(b)    If the per-Class Member Settlement Benefit is less than two hundred sixty five dollars ($265) per Class Member who submits a Valid Claim Form, Defendants shall add up to an additional two million six hundred thousand dollars ($2,600,000) to the Settlement Benefits so as to make the per-Class Member Settlement Benefit two hundred sixty five dollars ($265), but in no event shall Defendants collectively become obligated to pay more than a total of seven million five hundred thousand dollars ($7,500,000). If Defendants pay $7,500,000 but the per-Class Member Settlement Benefit is less than $265, the per-Class Member Settlement Benefit shall be whatever smaller *pro rata* sum as will deplete the $7,500,000 payment. There will not be a *cy pres* award except as to uncashed checks and similar leftover funds.[1]

1.26    "Successful Opt Out" means any person or persons who timely and validly exercise their right to opt out of the Class, pursuant to paragraph 2.04 and Fed. R. Civ. P. 23, but shall not include (a) persons whose opt outs are challenged by Defendants, and the challenge is not overruled by the Court or withdrawn by Defendants, and (b) persons whose communication is not treated as an opt out, as provided in paragraph 2.04.

1.27    "Valid Claim Form" means a complete submission on the Settlement Website, or a Claim Form in the form attached hereto as Exhibit A or C that:

(a)    is substantially filled out, meaning that there is a response to every question that the Parties identify as needing to be answered;

(b)    is timely (Claim Form shall be timely if it is postmarked by the date set for return of Claim Forms as specified in the Class Notice), as determined by the Settlement Administrator;

---

[1] For illustrative purposes only, the Parties agree that the following examples illustrate how the Settlement Benefits would be paid out. Assuming attorneys' fees of $1.633 million, a representative award of $20,000 and notice and administrative costs of $100,000, there would be a distribution to the Class of at least approximately $3.146 million which is estimated to result in the following payouts:

(a) 5,000 claimants . Each claimant receives approximately $629.33. Defendants pay $4.9M.

(b) 10,000 claimants. Each claimant receives approximately $314.67. Defendants pay $4.9M.

(c) 13,000 claimants. Each claimant receives $265. Defendants pay $5,198,390.

(d) 25,000 claimants. Each claimant receives approximately $229.87. Defendants pay $7.5M.

(c)  is correct (Claim Form shall be treated as incorrect if the statements contained thereon are false, or if the Class Member otherwise is not entitled or authorized to be treated as claimed); and

(d)  is not successfully challenged under paragraph 2.06 hereof.

1.28  As used herein, the plural of any defined term includes the singular thereof and vice versa, except where the context requires otherwise.

1.29  Other terms are defined in the text of the Agreement, and shall have the meaning given those terms in the text.

## II.  SETTLEMENT PROCEDURES

A.  <u>Preliminary Approval.</u>

2.01  Within fifteen (15) days of the execution of this Agreement by the Parties, Representative Plaintiff and Class Counsel shall move the Court for an order substantially in the form of Exhibit D hereto (a) preliminarily approving the Settlement memorialized in this Agreement as fair, reasonable, and adequate, including the material terms of this Agreement; (b) certifying the Class for settlement purposes only, and as defined herein; (c) setting a date for a final approval hearing ("Fairness or Settlement Hearing"); (d) approving the proposed Class Notice that is attached as Exhibit A, and authorizing its dissemination and approving the Long Form Notice attached as Exhibit B and claim form attached as Exhibit C; (e) approving the requirement that Class Members may submit a claim form, and the form of Claim Form attached as Exhibit A or C; (f) setting deadlines for mailing of the Class Notices, submission of Claim Forms, filings by any entity noticed pursuant to 28 U.S.C. § 1715 or paragraph 2.06, filing of objections, filing of motions to intervene, opting out of the Settlement, and filing papers in connection with the Fairness Hearing and the consideration of the approval or disapproval of the Settlement; (g) appointing the Plaintiff as Class Representative and Class Counsel as counsel for the Class; (h) appointing the Settlement Administrator; and (i) entering a stay of the Action.  Defendants will not oppose the entry of the Preliminary Approval Order in the form of Exhibit D hereto (or in a form otherwise agreed to by all of the Parties), and Plaintiff (after consultation with Defendants) will file an unopposed motion in support of Preliminary Approval.

B.  <u>Administration.</u>

2.02  In the event of Preliminary Approval, Defendants shall create a list of Class Members ("Class Member List") and, as soon as practicable but in no event more than ten (10) business days after Preliminary Approval, deliver it to the Settlement Administrator and to Class Counsel in Microsoft Excel, or similar, format, along with funds sufficient to pay for the notice regime set forth herein.

Within twenty (20) business days thereafter, the Settlement Administrator shall mail, or cause to be mailed, to each Class Member the Class Notice together with the Claim Form. Defendants shall bear the costs associated with mailing the Class Notice and the Claim Form as part of the Settlement Administration Costs.

2.03   The Settlement Administrator shall update the Class Member List through the National Change of Address database. The Class Notice then shall be mailed to the updated address for the Class Member in Defendants' computer records, and, if returned, re-mailed once to the forwarding address on the returned Class Notice, if any. There shall be no further duty to take any further steps to provide notice or to attempt to locate Class Members, with the exception of the Settlement Administrator's obligations under paragraph 2.07, and the Parties shall not initiate any communications with the Class other than as described in this Agreement. At the time the Class Member List is provided to the Settlement Administrator, Defendants shall provide a declaration to Class Counsel that the complete Class Member List has been turned over. Further, the Settlement Administrator shall maintain a copy of the Class Member List for a period of seven (7) years.

2.04   The Class Notice and Long Form Notice shall permit each Class Member to elect not to be a part of the Class and not to be bound by this Agreement, if, within such time as is ordered by the Court and contained in the Class Notice, the Class Member mails a notice to the Settlement Administrator of intention to opt out (in no particular format, but which contain the words "opt out," "exclusion," or words to that effect clearly indicating an intent not to participate in the Settlement). The Parties shall agree as to whether a communication from a Class Member is a request to opt out, and shall inform the Court of their position at the Fairness Hearing. Defendants or Class Counsel may dispute an opt out or purported opt out and the presentation and resolution of such disputes shall be governed by the identical procedure set forth herein with respect to Disputed Claims in paragraph 2.06.

2.05   Unless the Court directs otherwise, the Class Notice shall provide that the Claim Forms shall be returned to the Settlement Administrator postmarked within sixty (60) days of the mailing of the Notices; that objections and motions to intervene filed by any Class Member shall be filed in Court no later than fifty-five (55) days after mailing of notices, or shall be forever barred; and that requests by any Class Member to opt out of the Settlement be mailed to the Settlement Administrator postmarked no later than fifty-five (55) days after mailing of notices, or shall be forever barred.

2.06   Within fourteen (14) days of the final date for postmarking of completed Claim Forms, either Defendant may challenge any claims (whenever submitted) by any form of written notice to Class Counsel ("Disputed Claims"). Such Disputed Claim shall be deemed a Valid Claim Form unless Defendants'

counsel, within ten (10) business days of the sending of notice of the objection by Defendants, seeks ruling by the Court as to whether the objection is valid or whether the objection should be rejected or overruled and the Claim allowed. The Court shall retain jurisdiction to resolve Disputed Claims. Any decision by Defendants not to dispute a Claim Form shall not be a waiver, determination, or preclusive finding against Defendants as to the truth of any fact in any proceeding. It is anticipated that all such issues will be adjudicated at or before the Fairness Hearing.

2.07    The Settlement Administrator shall maintain the Settlement Website for 120 days after the Effective Date.

2.08    For a period of two hundred seventy days (270) after Preliminary Approval, or one hundred twenty (120) days after Final Approval, whichever is longer, the Settlement Administrator shall maintain a post office box or mail address and Internet address to receive correspondence in connection with the Settlement.

C.    <u>Final Approval.</u>

2.08    At the time appointed by the Court, Representative Plaintiff shall move the Court for an order in the form of Exhibit E hereto ("Final Approval Order") (or in a form otherwise agreed to by all of the Parties) finally approving the Settlement and the Agreement as fair, reasonable, and adequate; giving the terms of the Settlement, including the Releases, final and complete effect; finding that all requirements of statute, rule, and Constitution necessary to effectuate this Settlement have been met and satisfied; and otherwise directing the entry by the clerk of final judgment of dismissal on the merits and with prejudice in the Action. Defendants agree not to oppose the entry of the Final Approval Order in the form of Exhibit E hereto (or in a form otherwise agreed to by all of the Parties).

2.09    The Final Approval Order, or a separate order, shall be entered as of the Final Approval Date providing that all Class Members, including Representative Plaintiff, shall be enjoined from commencing, prosecuting, or assisting in any suit against the Released Parties with respect to the fees, charges, conduct, services, acts, or omissions of the Released Parties relating to all matters within the scope of the Releases.

2.10    At the Fairness Hearing, Representative Plaintiff and Class Counsel shall present sufficient evidence to support the approval of the Settlement as fair, reasonable, and adequate and the entry of the Final Approval Order set forth in Exhibit E, and shall present such evidence as they deem appropriate to support any proposed award of attorneys' fees, costs and incentive awards. Representative Plaintiff and Class Counsel shall make application for any awards to them, including awards of attorneys' fees, costs, and incentive awards, in writing prior to

the Fairness Hearing, at the time that the motion is filed requesting final approval. Such awards shall be included in the Final Approval Order unless the Court directs it by separate order.

2.11    Class Counsel agrees not to move for or seek an aggregate award of attorney's fees and litigation costs in excess of $1,633,333.33, and Defendants will not oppose or object to an aggregate award of attorneys' fees and litigation costs so long as it does not exceed $1,633,333.33. Defendants will pay from the Settlement Benefits such attorneys' fees and litigation costs as may be awarded to Class Counsel by the Court upon application pursuant to paragraph 2.10.

2.12    Representative Plaintiff agrees not to seek an amount in excess of $20,000, individually, as an incentive award to be paid to him exclusively from, and not in addition to, the Settlement Benefits for his services as class representative. Defendants shall not oppose such a request. Defendants will pay from the Settlement Benefits such incentive award approved by the Court upon application pursuant to paragraph 2.10.

## III.   SETTLEMENT BENEFITS

3.01    Each Defendant will separately certify that it has taken internal steps to prevent itself or its vendors, as applicable, from placing autodialed calls to cell phones without the required prior express consent of the called party.

3.02    Subject to the remaining terms and conditions of this Section and the Agreement, if the Settlement achieves Final Approval, the Settlement Administrator shall provide to each Claim Eligible Member, defined below, who timely submits a Valid Claim Form a Benefit Check for Settlement Benefits, as defined by paragraph 1.24.

3.03    In order to effectuate the provision of Settlement Benefits,

(a)    at least twenty-five (25) days before the Final Approval Hearing, the Settlement Administrator shall prepare: (i) a "Claim Distribution List" consisting of the Class Members who (a) submitted a Valid Claim Form, and (b) were not Successful Opt Outs, and (c) were not finally rejected as a Disputed Claim under paragraph 2.06; and (ii) a "Non-Claiming Distribution List" consisting of Class Members who (a) did not submit a Valid Claim Form, or were finally rejected as a Disputed Claim under paragraph 2.06, and (b) were not Successful Opt Outs (i.e. "Valid Claims"). The Class Members on the Claim Distribution List shall be the "Claim Eligible Members." The Class Members on the Non-Claiming Distribution List shall be the "Non-Claiming Eligible Members." Collectively, the Claim Distribution List and the Non-Claiming Distribution List shall be the Distribution Lists. Collectively, the Claim Eligible Members and the Non-Claiming Eligible Members shall be the "Eligible Members." The Distribution Lists shall be amended by the Settlement Administrator from time to time as information becomes

available and shall be the complete lists of all Eligible Members who will be eligible to receive the Settlement Benefits in accordance with the terms of the Settlement, unless otherwise ordered by the Court or agreed by the Parties or unless amended as required herein.

(b)     As part of the Settlement Benefits, all amounts for attorney's fees and costs and Class Representative Award shall be delivered from Defendants directly to Burke Law Offices, LLC, within ten days of Final Approval, as defined in paragraph 1.14. Also as part of the Settlement Benefits, within ten days of Final Approval, as defined in paragraph 1.14 herein, defendants shall pay any funds remaining due under this Agreement to the Settlement Administrator (except for the above-mentioned payments made directly to Class Counsel).

(c)     As soon as practicable after the Final Approval Date, but in no event more than sixty (60) days after the Final Approval Date, the Settlement Administrator shall mail to every Claim Eligible Member a check in the amount of their *pro rata* amount of the Settlement Benefits to which the Claim Eligible Member is entitled hereunder.  The Settlement Benefits shall be mailed to the address given by the Claim Eligible Member on the Valid Claim Form or, if no address is given on the Claim Form, to the most recent address resulting from the notice process.  As part of the Settlement Benefits, Defendants shall make adequate provision, acceptable to the Settlement Administrator, for funds to cover payment of the checks.

3.04   Settlement Benefits to any Claim Eligible Members that are delayed, because of a Disputed Claim, a disputed opt out, or a dispute with respect to how a Class Member shall be treated, shall not be made on the schedule set forth in paragraph 3.02 but instead shall be made promptly by the Settlement Administrator or Defendants, if and when finally resolved.  In the event of a dispute concerning whether a Member is a Claim Eligible Member or not, Defendants shall have no duty to provide the Settlement Benefits in the interim before the dispute is resolved.

3.05   All Benefit Checks issued pursuant to this Agreement shall bear the legend that they expire if not negotiated within ninety (90) days of their date of their issue.  Checks that are not negotiated within ninety (90) days of their date of issue shall be re-issued for good cause and on an individual basis only, but in no event shall a check be re-issued more than one hundred eighty days (180) of its date of issue.

3.06   Defendants shall be entitled to all interest on the funds available to pay the Benefit Checks until any such amounts are paid to a Class Member. Notwithstanding the foregoing, Defendants shall be entitled to create a settlement account (or funds) to pay its obligations hereunder, in whole or in part; such accounts or funds are for administrative or legal convenience or requirements of

Defendants and/or the Settlement Administrator only and do not create any vested or ownership interest on the part of the Plaintiff or any Class Member or any state or other governmental entity. The Parties agree that nothing in this paragraph will prevent the Parties from treating the Settlement Benefits as a "common fund" under Federal Rule 23 for purposes of any recovery under the Settlement, including attorneys' fees.

## IV. RELEASES

4.01    Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the Representative Plaintiff and each Class Member who is not a Successful Opt Out, each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including bankruptcy trustees in the capacity as *parens patriae* or on behalf of creditors or estates of the Representative Plaintiff or Class Members) ("Releasing Parties"), will be deemed to have completely released and forever discharged Defendants and each of their respective past and present officers, directors, shareholders, trustees, beneficiaries, members, partners, employees, predecessors, successors in interest, attorneys, agents, assigns, subsidiaries, parent companies, affiliates, accountants and representatives from any claim or claims they may have pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227(b), for the calls that are the subject of the Action.

4.02    As part of the Final Approval Order, the Action shall be dismissed with prejudice.  The Court shall enter a Judgment to that effect.

4.03    As of the Final Approval Date, Class Counsel shall be deemed to have released and discharged Defendants and the Released Parties from all claims for fees, costs, or compensation for the Action, other than those approved in connection with this Settlement.

4.04    As of the Final Approval Date, Defendants and the Released Parties shall be deemed to have released the Representative Plaintiff, each Class Member who is not a Successful Opt Out, and Class Counsel from all claims arising out of maintenance of the Action including, without limitation, all claims for attorneys' fees and costs.

## V. REPRESENTATIONS

5.01    In addition to the provisions hereof, this Agreement and the Settlement shall be subject to the ordinary and customary judicial approval procedures under Fed. R. Civ. P. 23(e).  Until and unless this Agreement is dissolved or becomes null and void by its own terms or unless otherwise ordered by

the Court or if Final Approval is not achieved on terms consistent with the Settlement, Representative Plaintiff, the Class, and Class Counsel represent and acknowledge to each other that they shall in good faith take all appropriate steps in the Action necessary to acquire and preserve the jurisdiction of the Court, use their best efforts to cause the Court to grant Preliminary and Final Approval of this Agreement as promptly as possible, use their best efforts to resist and oppose any or all objections to the Settlement and any or all attempts to opt out of the Settlement on any basis other than an individual basis, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement. This includes (a) the obligation to oppose objections and to defend, protect, and seek enforcement of the Agreement and the Settlement before the Court or before any other court or on appeal, if any; (b) to amend the pleadings and/or seek and obtain the participation of additional parties plaintiff, if necessary; (c) to seek approval of this Agreement and of the Settlement by the Court; (d) to move for the entry of the orders set forth in paragraphs 2.01, 2.08 and 2.10; and (e) to join in the entry of such other orders or revisions of orders or notices, including the orders and notices attached hereto, as are required by Defendants, subject to the Representative Plaintiff' consent, not to be unreasonably withheld.

5.02    Representative Plaintiff and Defendants, subject to the last sentence of this paragraph, represent that they or it are fully authorized to enter into this Agreement and to carry out the obligations provided for herein.  Each person executing this Agreement on behalf of a Party covenants, warrants, and represents that he or she is and has been fully authorized to do so by such Party.  Each Party hereto further represents that he, she, or it intends to be bound fully by the terms of this Agreement.

5.03    Representative Plaintiff, Class Counsel and Defendants represent that they have not, nor will they, (a) attempt to void this Agreement in any way; (b) opt out of the Settlement under this Agreement; (c) solicit or encourage Class Members to opt out; or (d) solicit or encourage any effort by any person (natural or legal) to object to the Settlement under this Agreement. However, nothing herein shall restrict Class Counsel's duty or ability to provide whatever advice Class Counsel, in its sole discretion, feels appropriate, if contacted by Class Members.

## VI.  MISCELLANEOUS PROVISIONS

6.01    This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and nothing in this Agreement nor any action taken to effectuate this Agreement is intended to be an admission or concession of liability of any party or third party or of the validity of any claim.  Defendants deny the allegations in the Action and contend that their conduct has been lawful and proper.

6.02   This Agreement is entered into only for purposes of settlement.  In the event that Final Approval of this Agreement and this Settlement does not occur for any reason or the Agreement and/or Settlement is terminated as provided herein, this Agreement shall become null and void, provided however, that Defendants and Representative Plaintiff may waive this provision in its discretion.  In the event the Agreement shall become null and void, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement shall have no effect and shall not be admissible evidence for any purpose. Any classes or orders entered pursuant to the Settlement shall be null and void, shall not be an adjudication of any fact or issue for any purpose other than the attempted effectuation of this Agreement, and shall not be considered as law of the case, *res judicata*, or collateral estoppel in this or any other proceeding.  In addition, the status of the Action shall revert to the state they were in prior to the Settlement, and the agreements contained herein (including the agreement not to oppose the certification of a class) shall be null and void, shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of certification, and the Parties shall have all rights, claims, and defenses that they had or were asserting.

6.03   This Agreement shall be terminable at the option of any of the Parties (a) if the Successful Opt Outs number more than 5.0% of the Class (and such option shall be exercised, if at all, within twenty (20) business days after the deadline set by the Court for submission of opt outs, unless the date is otherwise extended by order or agreement); (b) in the event the Court fails to enter the orders contemplated by paragraphs 2.01 and 2.08, or does so in a form different from the forms contemplated by this Agreement (and the entered form is not otherwise agreed to by all of the Parties); (c) if this Agreement becomes null and void in accordance with paragraph 6.02; or (f) as otherwise provided in this Agreement. This Agreement also shall be terminable upon the mutual agreement of the Representative Plaintiff and Defendants.

6.04   The obligations of Defendants with respect to the provision of the Settlement Benefits, its activities with respect to the Class Member List and/or the Distribution List, or its assistance to the Settlement Administration therewith, and its service, acts, or omissions as Settlement Administrator (if any), shall be performed reasonably and in good faith, subject to the further provision that the terms of the Settlement and any Court orders shall control.

6.05   This Agreement is intended to and shall be governed as if a contract executed under the laws of the State of Illinois.

6.06   The terms and conditions set forth in this Agreement constitute the complete and exclusive agreement between the Parties with respect to Settlement of the Action, and may not be contradicted by evidence of any prior or

contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement. Any modification of this Agreement must be confirmed in a writing signed by Class Counsel and Defense Counsel. For the avoidance of any doubt, this provision has no application to any agreements solely between the Defendants.

6.07    This Agreement shall inure to the benefit of the respective heirs, successors, and assigns of the Parties, the Released Parties, and the beneficiaries of the Release, and the Released Parties and the beneficiaries of the Release shall be deemed to be intended third party beneficiaries of this Agreement and, once approved by the Court, of the Settlement.

6.08    The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

6.09    This Agreement shall become effective upon its execution by counsel for all Parties.  The Parties may execute this Agreement in counterparts.  Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

6.10    In the event of any dispute between the Parties prior to the Final Approval Date, the dispute shall be settled by mediation with Joel Shapiro of the Settlement Conference Center of the Court of Appeals for the Seventh Circuit.

6.11    Although the Court shall enter a Judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement.

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

For Plaintiff and the Class:

Date: 7/3/2013

Nicholas Martin
Class Representative

Date: 7/3/13

Alexander H. Burke
Counsel for the Class
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

15

**For Convergys Customer Management Group Inc.**

_____        Date: 7/3/13
Authorized Representative
Convergys Customer Management Group Inc.

Claudia Cline, General Counsel
Printed Name and Title

_____        Date:_____
Albert E. Hartmann
Counsel for Convergys Customer Management Group Inc.
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293
(312) 368-2142
(312) 630-7317 (fax)
albert.hartmann@dlapiper.com

**For Dun & Bradstreet, Inc.**

_____        Date:_____
Authorized Representative
Dun & Bradstreet, Inc.

_____
Printed Name and Title

_____        Date:_____
Isaac J. Colunga
Counsel for Dun & Bradstreet, Inc.
ICE MILLER LLP
2300 Cabot Drive, Suite 455
Lisle, Illinois  60532
DuPage: (630) 955-6124
Chicago: (312) 726-1567
isaac.colunga@icemiller.com

**For Convergys Customer Management Group Inc.**

_____     Date:_____
Authorized Representative
Convergys Customer Management Group Inc.


_____
Printed Name and Title

_____     Date: 7-3-2013
Albert E. Hartmann
Counsel for Convergys Customer Management Group Inc.
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293
(312) 368-2142
(312) 630-7317 (fax)
albert.hartmann@dlapiper.com


**For Dun & Bradstreet, Inc.**

_____     Date:_____
Authorized Representative
Dun & Bradstreet, Inc.


_____
Printed Name and Title

_____     Date:_____
Isaac J. Colunga
Counsel for Dun & Bradstreet, Inc.
ICE MILLER LLP
2300 Cabot Drive, Suite 455
Lisle, Illinois  60532
DuPage: (630) 955-6124
Chicago: (312) 726-1567
isaac.colunga@icemiller.com

**For Convergys Customer Management Group Inc.**

_____    Date:_____
Authorized Representative
Convergys Customer Management Group Inc.


_____
Printed Name and Title


_____    Date:_____
Albert E. Hartmann
Counsel for Convergys Customer Management Group Inc.
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293
(312) 368-2142
(312) 630-7317 (fax)
albert.hartmann@dlapiper.com


**For Dun & Bradstreet, Inc.**

_____    Date:_____
Authorized Representative
Dun & Bradstreet, Inc.


_____
Printed Name and Title


_____    Date: 7/8/2013
Isaac J. Colunga
Counsel for Dun & Bradstreet, Inc.
ICE MILLER LLP
2300 Cabot Drive, Suite 455
Lisle, Illinois 60532
DuPage: (630) 955-6124
Chicago: (312) 726-1567
isaac.colunga@icemiller.com

16

# Exhibit A

**OFFICIAL NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**

THE COURT AUTHORIZES THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER

TO: Everyone (1) who Convergys Customer Management Group Inc. "Convergys" called on behalf of Dun & Bradstreet, Inc. ("D&B") (collectively, "Defendants"), between January 11, 2008 and January 11, 2012, and (2) who have a record in the Salesforce.com database used by Convergys and D&B that contains both (a) a phone number identified as a cellular telephone number and (b) at least one

Martin /D&B Settlement
Class Action Services
P.O. Box [XXXX]
Chicago, IL #####

Postal Service Bar Code

XXX-<<ClaimID>>

<<First>> <<Last>>>
<<BusinessName>>
<<Address>>

| activity on or before January 12, 2012, which resulted in a call being placed to that person or business entity. | <<City>>, <<State>> <zip>> |
| This notice contains limited information about the settlement. For more information visit www.DunBradstreetConvergysTCPASettlement.com | |

Carefully separate this Claim Form post card at the perforation

**Martin v. Dun & Bradstreet et al. Settlement Claim Form**

«Barcode»                                                    Change of Information, Only
 Claim#: tBD-«ClaimID»                                 _____
«First1» «Last1»                                           _____
«Addr1»  «Addr2»                                          _____
«City», «St»  «Zip»                                        _____

Subject to final Court approval, and as described in this notice, you may be eligible for a cash settlement payment. You may request payment by completing this Claim Form and mailing it to the address on the other side of this form. You may also go to www.DunBradStreetConvergysTCPASettlement.com to make a claim online. Please provide your contact information and **sign** and **date** the form and mail the form prior to [Month 00, 0000]. By signing below, you certify under penalty of perjury that you are either the person identified above or the authorized representative of the entity identified above.

To complete the form, please provide any updated address information above, and your telephone number and email address , sign and date the form and mail the form prior to [Month 00, 0000].

Phone Number: ( __ __ __ ) - __ __ __ - __ __ __ __          Email:

Signature: _____          Date:

Defendants' records indicate Convergys called your cellular telephone on behalf of D&B using an automatic telephone dialing system between January 11, 2008 and January 11, 2013. The Plaintiff (Nicholas Martin) alleges that defendants violated the Telephone Consumer Protection Act ("TCPA"), by calling you using such equipment, when they did not have your consent to do so. The Court certified a class, which has been modified to the definition herein for settlement purposes, but the Court has not decided liability in favor of Plaintiff or Defendants. Defendants deny any violation or liability. To settle the case, Defendants will provide a Settlement Fund of at least $4,900,000 and no greater than $7,500,000, depending upon how many claimants there are. The case is *Martin v. Dun & Bradstreet, Inc. et al,* in the U.S. District Court for the Northern District of Illinois, case number 1:12-cv-215.

The settlement class consists of All persons or business entities (1) who Convergys Customer Management Group Inc. "Convergys" called on behalf of Dun & Bradstreet, Inc. ("D&B"), between January 11, 2008 and January 11, 2012, and (2) who have a record in the Salesforce.com database used by Convergys and D&B that contains both (a) a phone number identified as a cellular telephone number and (b) at least one activity on or before January 12, 2012, which resulted in a call being placed to that person or business entity.

Subject to final Court approval, each Class member who submits a valid Claim Form will be paid from the Settlement Fund on a pro rata basis after settlement costs, attorney's fees and costs and a class representative award have been deducted. The amount each class member receives will depend upon the number of valid claims. For example, if 14% of the class submits claims forms each class member who returns a claim form will receive approximately $349. If every class member submits a claim form, which is highly unlikely, then each class member will receive about $86.

If you do not want to be a part of the settlement, you must exclude yourself by writing to the Claims Administrator postmarked no later than [Month 00, 0000]. Unless you exclude yourself, you will be bound by any final judgment in the action, including the release of D&B and Convergys for alleged TCPA violations that were part of the calling campaign that is the subject of this lawsuit.

If you want to object to the settlement, you must file an objection with each of the following: (1) U.S. District Court, Attn. Judge Martin, 219 S. Dearborn, Chicago, IL 60604; (2) Burke Law Offices, LLC, 155 N. Michigan Ave, Suite 9020, Chicago, IL 60601; (3) Albert Hartmann, DLA Piper LLP, 203 N. LaSalle St. Suite 1900, Chicago, IL

60601; and (4) Bart Murphy, Ice Miller, LLP, 200 W. Madison St., Suite 3500, Chicago, IL 60606. The objections must be postmarked no later than [Month 00, 0000].

At your own expense, you may have your own lawyer appear in Court for you if you like. If you hire your own lawyer, that lawyer must send a Notice of Intention to Appear postmarked no later than [Month 00, 0000] to all four addresses above. The Court has scheduled a Fairness Hearing for [Month 00, 0000], at [__:__ _.m.], in Courtroom 1350 of the U.S. District Court, Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604 to decide: (1) whether to approve the Settlement; (2) Class Counsel's request for fees of up to 1/3 of the $4,900,000 settlement fund; and (3) up to a $20,000 award. Upon final approval, the action will be dismissed with prejudice and the class members who do not request exclusion will be deemed to release Defendants for alleged TCPA claims that are the subject of this lawsuit.

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- **A settlement will provide between $4,900,000 and $7,500,000 to pay claims to persons that Convergys Customer Management, Inc. ("Convergys") called on their cell phones using an automatic telephone dialing system on behalf of Dun & Bradstreet, Inc. ("D&B").**

- **The settlement resolves a lawsuit over whether such calls to cellular telephones violated the federal Telephone Consumer Protection Act, which prohibits calls to cell phones using an automatic telephone dialing system without the recipient's "prior express consent."**

- **Court-appointed lawyers for the class will ask the Court for up to $1,666,666.33, as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.**

- **The two sides disagree on whether plaintiff and the class could have prevailed at trial.**

- **Your legal rights are affected whether you act, or don't act. Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS | |
|---|---|
| SUBMIT A CLAIM FORM | Receive a payment. |
| EXCLUDE YOURSELF | Receive no payment. This option allows you to participate in other lawsuits against D&B or Convergys based on the legal claims in this case. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Receive no payment. Give up rights. |

- These rights and options—and the deadlines to exercise them—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

**BASIC INFORMATION** ...........................................................      **PAGE 3**

   1. Why did I get this notice package?
   2. What is this lawsuit about?
   3. Why is this a class action?
   4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT**..........................................      **PAGE 4**

   5. How do I know if I am part of the settlement?
   6. Are there exceptions to being included?
   7. I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET**...................      **PAGE 4**

   8. What does the settlement provide?
   9. How much will my payment be?

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM** ..................      **PAGE 5**

   10. How can I get a payment?
   11. When would I get my payment?
   12. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**................................      **PAGE 6**

   13. How do I get out of the settlement?
   14. If I don't exclude myself, can I sue XYZ for the same thing later?
   15. If I exclude myself, can I get money from this settlement?

**THE LAWYERS REPRESENTING YOU**....................................      **PAGE 7**

   16. Do I have a lawyer in the case?
   17. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**......................................      **PAGE 7**

   18. How do I tell the Court that I don't like the settlement?
   19. What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING**....................................      **PAGE 8**

   20. When and where will the Court decide whether to approve the settlement?
   21. Do I have to come to the hearing?
   22. May I speak at the hearing?

**IF YOU DO NOTHING**................................................      **PAGE 9**

   23. What happens if I do nothing at all?

**GETTING MORE INFORMATION**........................................      **PAGE 9**

   24. Are there more details about the settlement?
   25. How do I get more information?

**UNDERSTANDING YOUR PAYMENT** .....................................      **PAGE 10**

# Basic Information

## 1. Why did I get a postcard notice?

You received a postcard notice because records indicate that Convergys called a cellular telephone number associated with you using an automatic telephone dialing system on behalf of D&B.

## 2. What is this lawsuit about?

On behalf of himself and a class of similarly situated people, the plaintiff, Nicholas Martin, alleges that D&B hired Convergys to make calls to individuals and businesses. The lawsuit alleges that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), as to any such calls that were made to cellular telephones. The TCPA prohibits the placement of auto-dialed calls to numbers assigned to cell phones without the called party's prior express consent.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Nicholas Martin), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. Magistrate Judge Daniel G. Martin is in charge of this class action.

## 4. Why is there a settlement?

The Court did not decide in favor of Plaintiff or Defendants. The Plaintiff think he could have won the statutory amount of $500 per call had he won at trial. The Defendants think the Plaintiff would not have won anything at trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of further litigation and trial, and the people involved will get compensation. The Class Representative and all parties involved think that a settlement is the best resolution for all Class Members.

# WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

## 5. How do I know if I am a part of the settlement?

Judge Martin decided that everyone who fits this description is a Class Member:

> All persons or business entities (1) who Convergys Customer Management Group Inc. called on behalf of Dun & Bradstreet, Inc., between January 11, 2008 and January 11, 2012, and (2) who have a record in the Salesforce.com database used by Convergys and D&B that contains both (a) a phone number identified as a cellular telephone number and (b) at least one activity on or before January 12, 2012, which resulted in a call being placed to that person or business entity.

There are approximately 66,000 persons or entities that fit the above description, and postcard notices were sent to each of those persons or entities. If you received a postcard notice, then you are a class member. The Settlement Administrator and Class Counsel have a list of the 66,000 phone numbers that were called.

## 6. Are there exceptions to being included?

You are not a Class Member if your landline, rather than your cell phone, was called, and you are not a class member if you were called as part of a different calling campaign, or you were not called by Convergys on behalf of D&B during the time period listed in the above description.

## 7. I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call 1-800-000-0000 or visit www.XYZsettlement.com for more information.

# THE SETTLEMENT BENEFITS—WHAT YOU GET

## 8. What does the settlement provide?

Defendants have agreed to create a settlement fund of between $4,900,000 and $7,500,000 to be divided among all Class Members who send in a valid claim form.

## 8. How much will my payment be?

Depending on how many of the class members return claim forms, each claimant may receive more or less money, so your share of the fund will depend on the number of valid claim forms that Class Members send in. For example, if 14% of the class submits claims forms each class member who returns a claim form will receive approximately $349. If every class member submits a claim form, which is highly unlikely, then each class member will receive about $86.

The settlement, however, does not limit the amount of money for individual claimants.

Here's a more detailed explanation of how it works:

Defendants have agreed to provide class benefits of at least $4.9 million and no more than $7.5 million. All costs of notice, administration, class representative incentive award and attorney's fees for class counsel shall come from this amount. The $4.9 million distribution pays for: (a) first, notice and settlement administration expenses; (b) second, for class attorneys' fees and costs; (c) third, for class representative incentive award; (d) fourth, a class recovery on a pro rata basis per claiming class member ("Recovery Amount"):

In the event that the number of claimants is such that the Recovery Amount to each authorized claimant is less than $265, Defendants shall add to the $4.9 million up to an additional $2.6 million so as to make the Recovery Amount to each authorized claimant $265, but in no event shall Defendants become obligated to pay in the aggregate more than $7.5 million as part of the settlement. Thus, the $265 Recovery Amount to each authorized claimant will be lowered below $265, *pro rata*, so as to prevent Defendants' payment in the aggregate from being more than $7.5 million total.

# HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

### 10. How can I get a payment?

To qualify for payment, you must send in a claim form. A claim form is attached to this Notice, and was also mailed to class members as an abbreviated postcard notice. You may also get a claim form on the internet at www.XYZsettlement.com. Read the instructions carefully, fill out the form, include all the information the form asks for, sign it, and mail it postmarked no later than Month 00, 0000.

### 11. When would I get my payment?

The Court will hold a hearing on Month 00, 0000, to decide whether to approve the settlement. If Judge Martin approves the settlement after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a claim form will be informed of the progress of the settlement. Please be patient.

### 12. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Convergys, D&B or their related companies based on the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the claim form, you will agree to a "Release of Claims." The exact release is available in the settlement agreement, which is posted on the website listed herein.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Convergys or D&B, on your own, based on the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the settlement Class.

### 13. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from Martin v. Dun & Bradstreet, Inc. et al. Be sure to include your name, address, telephone number, email and your signature. You must mail your exclusion request postmarked no later than Month 00, 0000 to the following address:

> Class Administrator
> PO Box x
> Chicago, IL 60601

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Convergys or D&B in the future in the future.

**14. If I don't exclude myself, can I sue Defendants for the same thing later?**

No. If you exclude yourself, do not send in a claim form to ask for any money. But, you may sue, continue to sue, or be part of a different lawsuit against Convergys or D&B based on the legal issues in this case.

# THE LAWYERS REPRESENTING YOU

**16. Do I have a lawyer in this case?**

The Court asked the law firm of Burke Law Offices, LLC in Chicago, Illinois, to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17. How will the lawyers be paid?**

Class counsel will ask the Court to approve payment of up to $1,633,333.33 to them for attorneys' fees and expenses and payment of $20,000 to Nicholas Martin for his services as Class Representative. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. Defendants have agreed not to oppose these fees and expenses. The cost of notice and administration, attorney's fees and costs and service award are deducted from the Class Fund.

**15. If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, do not send in a claim form to ask for any money. But, you may sue, continue to sue, or be part of a different lawsuit against D&B and/or Convergys.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**18. How do I tell the Court that I don't like the settlement?**

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to Martin v. Dun & Bradstreet. Be sure to include your name, address, telephone number, email address, your signature, and the reasons you object to the settlement. Mail the objection to these four different places postmarked no later than Month 00, 0000:

| | |
|---|---|
| U.S. District Court<br>Northern District of Illinois<br>Attn. Judge Martin<br>219 S. Dearborn<br>Chicago, IL 60604 | Alexander H. Burke<br>Burke Law Offices, LLC<br>155 N. Michigan Ave, Suite 9020<br>Chicago, IL 60601 |
| Albert Hartmann<br>DLA Piper LLP<br>203 N. LaSalle St. Suite 1900<br>Chicago, IL 60601 | Bart Murphy<br>Ice Miller, LLP<br>200 W. Madison St., Suite 3500<br>Chicago, IL 60606 |

## 19. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**20. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at 9:00 AM on [Tuesday], Month 00, 0000, at the United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, Illinois , in courtroom 1350.   At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Martin will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

**21. Do I have to come to the hearing?**

No.  Class Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

**22. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in Martin v. Dun & Bradstreet."  Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than Month 00, 0000, and be sent to all four addresses in question 18.  You cannot speak at the hearing if you excluded yourself.

# IF YOU DO NOTHING

**23. What happens if I do nothing at all?**

If you do nothing, you'll get no money from this settlement.  But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Convergys or D&B based on the legal issues released in this case.

# GETTING MORE INFORMATION

**24. Are there more details about the settlement?**

This notice summarizes the proposed settlement.  More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Alexander H. Burke, Burke Law Offices, LLC, 155 N. Michigan Ave. Suite 9020, Chicago, IL 60601, or by visiting www.DunBradStreetConvergysTCPASettlement.com.

You can call 1-800-000-0000 toll free; write to XYZ Settlement, P.O. Box 0000, City ST 00000-0000; or visit the website at www.XYZsettlement.com, where you will find answers to common questions about the settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

DATE: <u>MONTH 00, 0000</u>.

# Exhibit C

# DUN & BRADSTREET/CONVERGYS
# SETTLEMENT CLAIM FORM

### Your Information

1. Your name: _____

2. Address: _____

   City: _____ State: _____ Zip Code: _____

3. Contact telephone number: _____ Email: _____

4. Cell phone number at which you received phone call(s): _____

5. Barcode from notice form: _____

### CERTIFICATION

By submitting this claim form, I certify under oath that the information I have provided above is true and correct. I also certify that I received one or more telephone calls from Dun & Bradstreet or Convergys on my cellular telephone between January 11, 2008 and January 11, 2012. I understand under the Settlement Agreement I am forever releasing and waiving any right to seek compensation or make any claim regarding the automated nature of such telephone calls to my cellular telephone. I also certify that the information supplied herein is true and correct according to the best of my personal knowledge and belief.

_____          _____
               Date                                    Signature

### Return the Claim Form

SETTLEMENT ADMINISTRATOR
[INSERT ADDRESS]

Your mailed claim form must be postmarked **on or before** _____.

- or -

Instead of mailing the Claim Form, complete a Claim Form via the Internet at www._____. Internet Claim Forms must be submitted **on or before** _____.

YOUR CLAIM FORM WILL NOT BE RETURNED TO YOU. PLEASE RETAIN A COPY FOR YOUR RECORDS. ACCURATE PROCESSING OF CLAIMS MAY TAKE A SIGNIFICANT AMOUNT OF TIME. THANK YOU IN ADVANCE FOR YOUR PATIENCE.

QUESTIONS? A COPY OF THE CLASS NOTICE, SETTLEMENT AGREEMENT AND OTHER INFORMATION REGARDING THE SETTLEMENT IS AVAILABLE AT THE CLAIMS ADMINISTRATOR'S WEBSITE AT WWW.URL.COM. YOU CAN ALSO CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT PHONE NUMBER.

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) ) 1:12-cv-215 |
|     Plaintiff, | ) |
| | ) Magistrate Judge Martin |
|       v. | ) (by consent) |
| | ) |
| DUN & BRADSTREET, INC., and | ) JURY DEMANDED |
| CONVERGYS CUSTOMER | ) |
| MANAGEMENT GROUP INC. | ) |
|     Defendants. | |

## PRELIMINARY APPROVAL ORDER

WHEREAS, this Action is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*,

WHEREAS, Plaintiff has filed an unopposed Motion for Preliminary Approval of a Class Wide Settlement (the "Motion"), which included a Settlement Agreement (the "Settlement Agreement") which, together with the exhibits thereto, sets forth the terms and conditions for the settlement and release of certain claims, on a class wide basis, against Dun & Bradstreet, Inc. and Convergys Customer Management Group Inc. (the "Settling Defendants"), as more fully set forth below;

WHEREAS, the Court having carefully considered the Motion and the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination the Settlement Agreement appears fair, reasonable and adequate, and that the proposed plan of notice to the class is the best notice practicable under the circumstances and consistent with Due Process and Fed.R.Civ.P. 23, and that a hearing should and will be held after notice to the Settlement Class to confirm that the Settlement Agreement is fair, reasonable, and adequate, and to determine whether a judgment approving settlement and order of dismissal should be entered in this action based upon the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

**Settlement Class Certification**

2.      Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and for the purposes of settlement only, the Settlement Class is preliminarily certified, consisting of the following class:

> All persons or business entities (1) who Convergys Customer Management Group Inc. called on behalf of Dun & Bradstreet, Inc., between January 11, 2008 and January 11, 2012, and (2) who have a record in the Salesforce.com database used by Convergys Customer Management Group Inc. and Dun & Bradstreet, Inc. that contains both (a) a phone number identified as a cellular telephone number and (b) at least one activity on or before January 12, 2012, which resulted in a call being placed to that person or business entity.

3.      For purposes of settlement only, the Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been preliminarily satisfied in that (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the class representatives are typical of the claims of the respective classes within the Settlement Class they seek to represent; (d) the class representatives will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The Court further finds, for purposes of settlement only, that (A) the members of the class have a limited interest in individually prosecuting the

claims at issue; (B) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (C) it is desirable to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this Settlement.

4.     Pursuant to Fed. R. Civ. P. 23, and for settlement purposes only, plaintiff Nicholas Martin is hereby appointed class representatives and Alexander H. Burke, Burke Law Offices, LLC, 155 N. Michigan Ave., Suite 9020, Chicago, IL 60601 is hereby appointed as Class Counsel.

5.     The foregoing determination regarding class certification is for purposes of settlement only.  The Court recognizes that, pursuant to the Settlement Agreement, Defendants retain any right to dispute that a class may be certified in this case, or that a class is reasonably ascertainable, should the Settlement not be finally approved.  Therefore, as more fully set forth below, if the Settlement is not finally approved, and litigation resumes, this preliminary finding regarding class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

**Notice and Administration**

6.     The Court hereby approves Class Counsel's retention of AB Data, Ltd.  as claims administrator to perform the duties of the Claims Administrator set forth in the Settlement Agreement, including providing Notice to Settlement Class Members, to perform such other functions and duties of the administrator as are set forth in the Settlement Agreement, and to provide such administration services as are reasonably necessary to facilitate the completion of the Settlement.

7.      The Court has carefully considered the plan for notice set forth in the Settlement Agreement, including receiving briefs on the issue of the propriety of the notice.  The Court finds

that the form and method set forth or identified in the Settlement Agreement of notifying the Settlement Class, and the members thereof, of the Settlement and its terms and conditions constitutes the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort, and satisfies fully the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process and any other applicable law, such that the Settlement Agreement and final judgment will be binding on all Class Members.

8.      The Court hereby approves the form, content and requirements of the Short Form Notice for direct mailing annexed to the Settlement Agreement as Exhibit 1, and the Long Form Notice annexed to the Settlement Agreement as Exhibit 2. The Court approves the regime for notice set forth in the Settlement Agreement.  Claims Administrator shall cause the Notice to be mailed on or before twenty-one calendar days after the date of preliminary approval (July__, 2013), to the 66,000 individuals that Defendants identified as Class Members, which the Court finds constitutes reasonable effort to identify Settlement Class Members for purposes of making individual notice.  Class Counsel shall, prior to the Final Approval Hearing, file with the Court proof of mailing of the Notice.

9.      Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a claim form in accordance with the instructions provided therein.  The Court hereby approves as to form and content the claim form attached to the Settlement Agreement along with the Short Form Notice as Exhibit 1, which shall be included in the direct notice package, and as the claim form attached to the Settlement Agreement.  All claim forms must be postmarked or received by the Claims Administrator no later than ___ calendar days from the date of the Preliminary Approval Order (_____).

10.     All costs of providing Settlement Notice to the Settlement Class, processing proof-of-claim forms and administering distributions from the Settlement Fund according to a Court-approved procedure in the Final Approval Order, shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

**Exclusion / "Opt-Outs"**

11.     Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Settling Defendants relating to the claims released pursuant to or covered by the terms of the Settlement.

12.     A Settlement Class Member wishing to make a request for exclusion from the Settlement Class shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than 81 calendar days after the date of the Preliminary Approval Order (_____ 2013), to the Claims Administrator at the address specified in the Notice.  In the written request for exclusion, the Settlement Class Member must state his or her full name, address, telephone numbers that s/he maintains are Covered Calls, the number of calls s/he received, and whether each telephone number is a cellular phone or a residential landline.  Further, the Settlement Class Member must include a statement in the written request for exclusion that he or she wishes to be excluded from the Settlement.  The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  No Settlement Class Member, or any person acting on behalf of or in concert or in participation with that Settlement Class Member, may request exclusion of any other Settlement Class Member from the Settlement Class.

13.     Settlement Class Members who opt out of the Settlement will relinquish their rights to benefits under the Settlement and will not release their claims.  However, Settlement Class Members who fail to submit a valid and timely request to exclude themselves from the

class on or before the dates specified herein shall by bound by all terms of the Settlement Agreement and Final Approval Order, regardless of whether they have requested exclusion from the Settlement Agreement.

14.     The Claims Administrator will promptly provide all Parties with copies of any Opt-Out requests, and Plaintiffs shall file a list of all who have opted out with the Court no later than ten (10) calendar days prior to the Fairness Hearing.

**Objections**

15.     Any member of the Settlement Class who is not excluded from the Settlement Class and who objects to the approval of the proposed settlement must file with the Court and serve on all Parties a written statement with his or her full name, address, telephone numbers that s/he maintains was called, all grounds for the objection with factual and legal support for the stated objection, the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing, which shall be attached.  A member of the Settlement Class may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed settlement should not be approved as fair, reasonable, and adequate.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and/or the request for compensation awards to the Class Representatives are required to indicate in their written objection their intention to appear at the Fairness Hearing on their own behalf or through counsel.

16.     The Court will consider comments and/or objections to the Settlement, the award of attorneys' fees and reimbursement of expenses, and the service award to the Class Representative only if, on or before 81 calendar days after the date of the Preliminary Approval Order (____, 2013), such comments or objections and any supporting papers are filed in writing with the Clerk of this Court.  No Settlement Class Member shall be entitled to be heard and no objection shall be considered unless these requirements set forth in this Order are satisfied.

17.     Any Settlement Class Member who does not make his objection to the Settlement

in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

**<u>Final Approval Hearing</u>**

18.     The Final Approval Hearing pursuant to Fed.R.Civ.P. 23(e) is hereby scheduled to be held before the Court on_____, 2013 at_____pm for the following purposes:

(a)     to finally determine whether the applicable prerequisites for settlement class action treatment under Fed.R.Civ.P. 23(a) and (b) are met;

(b)     to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)     to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)     to consider the application for an award of attorneys' fees, costs, and expenses of Class Counsel;

(e)     to consider the application for compensation awards to the class representatives;

(f)     to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

(g)     to rule upon such other matters as the Court may deem appropriate.

19.     Briefs and papers in support of the final approval of the proposed settlement shall be filed no later than fourteen calendar days before the Final Approval Hearing.   The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court

without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and Final Approval Order in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

20. On or before fourteen calendar days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) a motion for final approval; (ii) any application for award of attorneys' fees and expenses; and (iii) any application for compensation awards to the Class Representatives. For clarity, the deadlines the Parties shall adhere to are as follows:

**Class Notice Mailed by:**　　　　　　**_____, 2013**

**Objection/Exclusion:**　　　　　　　　**_____, 2013**

**Final Approval Submissions:**　　　　　**_____, 2013,**

**Final Approval Hearing:**　　　　　　　**_____, 2013 at 1:30 pm**

21. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

**Further Matters**

22. All discovery and other pretrial proceedings in the Action as between the Plaintiffs and Defendants are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order. For purposes of settlement only, the previous order certifying a class (ECF No. 37) is hereby modified as reflected in Paragraph 2 above.

23. Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

24. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no

further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

     25.    The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED:       _____, 2013

                     _____

                     United States Magistrate Judge Daniel G. Martin

# Exhibit E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) | |
| Plaintiff, | ) ) | 1:12-cv-215 |
| | ) | Magistrate Judge Martin |
| v. | ) | (by consent) |
| | ) | |
| DUN & BRADSTREET, INC., and | ) | JURY DEMANDED |
| CONVERGYS CUSTOMER MANAGEMENT | ) | |
| GROUP INC. | ) | |
| Defendants. | | |

## <u>FINAL ORDER OF JUDGMENT AND DISMISSAL</u>

This matter coming to be heard on Plaintiff Nicholas Martin's Unopposed Motion for Final Approval of Class Action Settlement ("Motion"), due and adequate notice having been given to the Settlement Class, and the Court having considered all papers filed and proceedings in this matter, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.     This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over all parties to the Action, including all Settlement Class Members.

2.     The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated _____ , and notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order.

3.     The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class and the defendants, and supporting declarations. The Court has also read and considered any written objections filed with the Clerk of the Court by Settlement Class Members.  The Court held a hearing on _____, at which time the

Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

      4.     Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. Specifically, the complex legal and factual posture of the Action, and the fact that the Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator support this finding.

      5.     Pursuant to Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following Settlement Class:

      6.     all persons or business entities (1) who Convergys Customer Management Group Inc. called on behalf of Dun & Bradstreet, Inc., between January 11, 2008 and January 11, 2012, and (2) who have a record in the Salesforce.com database used by Convergys Customer Management Group Inc. and Dun & Bradstreet, Inc. that contains both (a) a phone number identified as a cellular telephone number and (b) at least one activity on or before January 12, 2012, which resulted in a call being placed to that person or business entity.

      7.     Pursuant to Federal Rule of Civil Procedure 23, Nicholas Martin is hereby appointed as class representatives and Burke Law Offices, LLC is appointed as Class Counsel.

      8.     With respect to the Settlement Class, this Court finds for settlement purposes only that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the class representatives, identified above, are typical of the claims of the Settlement Class; (d) the class representatives will fairly and adequately protect the interests of

the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that (A) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (B) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (C) it is desirable to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this Settlement.

9.      The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Due Process, Federal Rule of Civil Procedure 23, and all applicable law.

10.      The Court finds that Defendants properly and timely notified the appropriate state and federal officials of the Settlement Agreement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

11.      The persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Order of Judgment and Dismissal. Annexed hereto as Appendix I is a schedule of all such persons excluded from the Settlement Class.

12.     The Court orders the parties to the Settlement Agreement to perform their obligations thereunder.  The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

13.     The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiffs' and all Settlement Class Members. The Court adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against the Released Parties.

14.     The Court adjudges that the Plaintiffs and all Settlement Class Members shall be deemed to have fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties, as defined by the Settlement Agreement.

15.     The Court further adjudges that upon the Effective Date, the above-described release of the Released Claims and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, Plaintiffs and all other Settlement Class Members (who did not validly and timely opt out of the Settlement), and their respective affiliates, assigns, heirs, executors, administrators, successors and agents.  The Released Parties may file the Settlement Agreement and/or this Final Order of Judgment and Dismissal in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.     Without affecting the finality of this Final Order of Judgment and Dismissal in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective

-4-

and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and the Settlement Class members for the purpose of implementing and enforcing the Settlement Agreement, including the bar order set forth in paragraph 17.

17.    The Court approves payment of attorneys' fees, costs and expenses to Class Counsel in the amount of $_____.  This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.  The Court, having considered the materials submitted by Plaintiffs' counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons:  First, the Court finds that the quantifiable value of the Settlement is at least $4.5 million and that the Settlement also provides additional unquantifiable but nevertheless valuable benefits to Settlement Class Members in the form of changes to Defendants' practices. The Court therefore considers the Settlement to provide substantial benefits to the Settlement Class.  Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Plaintiffs' counsel.  Third, the Court concludes that the Settlement was negotiated at arms' length and without collusion, and that negotiation of the attorney's fees followed agreement on the settlement benefits for Settlement Class Members.  Finally, the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

18.     The Court approves the incentive fee payments of $_____ for Nicholas

Martin and specifically finds such amount to be reasonable in light of the service performed by

Plaintiff for the class. This amount shall be paid from the Settlement Fund in accordance with the

terms of the Settlement Agreement.

19.     Neither this Final Order of Judgment and Dismissal nor the Settlement

Agreement shall be construed or used as an admission or concession by or against either

Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the

validity of any of the Released Claims.  This Final Order of Judgment and Dismissal is not a

finding of the validity or invalidity of any claims in this Action or a determination of any

wrongdoing by Defendants or any of the Released Parties.  The final approval of the Settlement

Agreement does not constitute any opinion, position, or determination of this Court, one way or

the other, as to the merits of the claims and defenses of Plaintiffs, the Settlement Class Members,

or Defendants.

20.     Any objections to the Settlement Agreement are overruled and denied in

all respects.  The Court finds that no just reason exists for delay in entering this Final Order of

Judgment and Dismissal.  Accordingly, the Clerk is hereby directed forthwith to enter this Final

Order of Judgment and Dismissal.


It is so ordered, this____day of _____, 2013.

_____
U.S.  Magistrate Judge Martin