IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated,<br>　　Plaintiff,<br><br>v.<br><br>DUN & BRADSTREET, INC., and CONVERGYS CUSTOMER MANAGEMENT GROUP INC.<br>　　Defendants. | ) 1:12-cv-215<br>)<br>) Magistrate Judge Daniel G. Martin<br>) (by consent)<br>)<br>) JURY DEMANDED<br>) |

## FINAL ORDER OF JUDGMENT AND DISMISSAL

This matter coming to be heard on the request for final approval of class action settlement, due and adequate notice having been given to the Settlement Class, and the Court having considered all papers filed and proceedings in this matter, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

　　1.　　This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over all parties to the Action, including all Settlement Class Members.

　　2.　　The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated July 16, 2013, and notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order.

　　3.　　The Court has read and considered the papers filed in support of the request for final approval of the settlement, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class and the defendants, and supporting declarations. The Court held a hearing on November 19, 2013, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement. Furthermore, the Court finds that notice

pursuant to the Class Action Fairness Act was effectuated on October 11, 2013, and that ninety days has passed without comment or objection from any governmental entity. The Court has received no objections from any person regarding this settlement.

4. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. Specifically, the complex legal and factual posture of the Action, and the fact that the Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator support this finding.

5. Pursuant to Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following Settlement Class:

6. all persons or business entities (1) who Convergys Customer Management Group Inc. called on behalf of Dun & Bradstreet, Inc., between January 11, 2008 and January 11, 2012, and (2) who have a record in the Salesforce.com database used by Convergys Customer Management Group Inc. and Dun & Bradstreet, Inc. that contains both (a) a phone number identified as a cellular telephone number and (b) at least one activity on or before January 12, 2012, which resulted in a call being placed to that person or business entity.

7. Pursuant to Federal Rule of Civil Procedure 23, Nicholas Martin is hereby appointed as class representatives and Burke Law Offices, LLC is appointed as Class Counsel.

8. With respect to the Settlement Class, this Court finds for settlement purposes only that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the class representatives, identified above, are typical of the claims of the

Settlement Class; (d) the class representatives will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that (A) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (B) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (C) it is desirable to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this Settlement.

9. The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Due Process, Federal Rule of Civil Procedure 23, and all applicable law.

10. The Court finds that Defendants notified the appropriate state and federal officials of the Settlement Agreement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

11. The persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Order of Judgment and Dismissal. Annexed hereto as Appendix I is a schedule of all such persons excluded from the Settlement Class.

12. The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

13. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiffs' and all Settlement Class Members. The Court adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against the Released Parties.

14. The Court adjudges that the Plaintiffs and all Settlement Class Members shall be deemed to have fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties, as defined by the Settlement Agreement.

15. The Court further adjudges that upon the Effective Date, the above-described release of the Released Claims and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, Plaintiffs and all other Settlement Class Members (who did not validly and timely opt out of the Settlement), and their respective affiliates, assigns, heirs, executors, administrators, successors and agents. The Released Parties may file the Settlement Agreement and/or this Final Order of Judgment and Dismissal in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Without affecting the finality of this Final Order of Judgment and Dismissal in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective

and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and the Settlement Class members for the purpose of implementing and enforcing the Settlement Agreement, including the bar order set forth in paragraph 17.

17.   The Court approves payment of attorneys' fees, costs and expenses to Class Counsel in the amount of $1,633,333.33.  This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.  The Court, having considered the materials submitted by Plaintiffs' counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons:  First, the Court finds that the quantifiable value of the Settlement is at least $4.5 million and that the Settlement also provides additional unquantifiable but nevertheless valuable benefits to Settlement Class Members in the form of changes to Defendants' practices.  The Court therefore considers the Settlement to provide substantial benefits to the Settlement Class.  Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Plaintiffs' counsel.  Third, the Court concludes that the Settlement was negotiated at arms' length and without collusion, and that negotiation of the attorney's fees followed agreement on the settlement benefits for Settlement Class Members.  Finally, the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

18.   The Court approves the incentive fee payments of $20,000.00 for Nicholas Martin and specifically finds such amount to be reasonable in light of the service performed by

Plaintiff for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

19.     Neither this Final Order of Judgment and Dismissal nor the Settlement Agreement shall be construed or used as an admission or concession by or against either Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Final Order of Judgment and Dismissal is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Defendants or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, the Settlement Class Members, or Defendants.

20.     The Court finds that no just reason exists for delay in entering this Final Order of Judgment and Dismissal. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order of Judgment and Dismissal.

It is so ordered, this 16th day of January, 2014.

_____
U.S. Magistrate Judge Daniel G. Martin

EXCLUSION REQUESTS

| | Name | Address | Postmark Date |
|---|---|---|---|
| 1 | Linda Sprunger | 908 Kate Drive, Reading PA 19608 | 8/5/2013 |
| 2 | Karen Daehnke | 10504 Knolton Run, Fort Wayne IN 46818 | 8/6/2013 |
| 3 | William C. Billett Sr. | 52 Greenfield Dr, Reedsville PA 17084 | 8/6/2013 |
| 4 | Amy Morris | 919 Pennyoaks Dr, Macomb IL 61455 | 8/9/2013 |
| 5 | Tiffany Vandiver | 214 Ana Drive, Suite 17, Florence AL 35630 | 8/12/2013 |
| 6 | Daniel J. Wilson | Live Life, 4928 Itaska St, St. Louis MO 63109 | 8/14/2013 |
| 7 | M.E. Shields | Shields Lawn Care, 1316 Ziglar Rd, Winston-Salem NC 27105 | 8/19/2013 |
| 8 | S&S Machine & Marine Fabricators | 737 Grefer Ave, Harvey LA 70058 | 8/15/2013 |
| 9 | Mikle Deshazer | 413 W 5th St, Okmulgee OK 74447 | 9/1/2013 |
| 10 | Arnica Fencing | 8305 S 1875 Rd, Humansville MD 65674 | 9/19/2013 |
| 11 | Snap A Miracle | 2 Merrill Ave, Lisbon ME 04250 | 9/21/2013 |
| 12 | Provost Intl. Co. | 334 Howard Ave #3, Brooklyn NY 11233 | 8/18/2013 |
| 13 | Freeman Troyer | 6838 Cutter Rd, Apple Creek OH 44606 | 10/1/2013 |